**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| YAN THOU, Individually and as Administrator of the Estates of Oeurn Mam, Deceased and Navy Yan, Deceased, et. al, Plaintiffs | : : : : : : | CIVIL ACTION |
| v. | : : | NO.: 05-832   *ECF DOCUMENT* |
| PACK & PROCESS, INC. | : : | I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the Eastern District of Pennsylvania. |
| AND | : : | Date Filed: 3/17/05 |
| ST. PAUL MERCURY INSURANCE COMPANY, Defendants | : : : | Michael E. Kunz, Clerk By: _____, Deputy Clerk |

JURY TRIAL DEMANDED

**MOTION OF DEFENDANTS ST. PAUL MERCURY INSURANCE COMPANY AND PACK AND PROCESS, INC. TO DISMISS THIS ACTION OR, IN THE ALTERNATIVE, TO TRANSFER THIS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

Defendants, St. Paul Mercury Insurance Company ("St. Paul") and Pack and Process, Inc. ("Pack and Process"), by and through their undersigned counsel, hereby file this Motion to Dismiss or, in the Alternative to Transfer this Action to the United States District Court for the District of Delaware, and in support thereof aver the following:

1.  On or about February 23, 2005, Plaintiffs commenced this action against Pack and Process and St. Paul including a count for declaratory judgment (Count I) seeking a declaration that: (1) Plaintiff, Maly Yan, was an agent/employee of Pack and Process, acting in the course and scope of her employment with Pack and Process, while transporting passengers from Pack and Process on June 18, 2001; (2) Pack and Process is responsible for the judgment imposed upon Maly Yan in the matter of Thou et. al. v. Yan, June Term 2003 No. 1503;[1] and (3)

---

[1] Although the complaint in this action refers, in some places, to the action as having the docket number "1503", defendants believe this is an inadvertent reference, as the Thou v. Yan matter bears number "1508".

that St. Paul, as the insurance carrier for Pack & Process, is responsible to "pay for Maly Yan's action" in the matter of Thou v. Yan, June Term 2003, No. 1503 in the amount of the verdict imposed upon Maly Yan, on January 20, 2005, up to and including their policy limits for negligent acts performed by Maly Yan while working as an agent/employee of Pack and Process at the time of the accident. See Complaint in this action, Exhibit "A" to defendants' brief accompanying this motion, at p. 9.

2.  Plaintiffs herein further assert a second count, entitled "Count II - Indemnification", in which they seek a court order "that St. Paul indemnify Pack and Process and Maly Yan; and that Pack & Process indemnify Maly Yan; [and] that both St. Paul and Pack & Process must pay Yan Thou, individually and as Administrator of the estates of Ouern Mam, deceased and Navy Yan, deceased, Chan Yan, Thuha Son, [and] Chieu Thi Huyhn for the total amount of the judgment in the matter of Thou et. al. v. Yan, Docket No. 030601508." Id. at p. 10.

3.  On January 14, 2005, St. Paul filed a declaratory judgment action in the United States District Court for the District of Delaware against Maly Yan to determine its coverage obligations, if any, in connection with the above referenced action, as well as other tort actions filed in Pennsylvania resulting from the accident of June 18, 2001. See copy of Delaware declaratory judgment complaint, Exhibit "B" to defendants' brief accompanying this motion. Subsequently, on March 16, 2005, an Amended Complaint was filed in that action wherein Pack and Process was named as an additional plaintiff. See Exhibit "C" to defendants' brief accompanying this motion.[2] Thus, parties to the Delaware action now include St. Paul, Pack and Process and Maly Yan.

---

[2] The Amended Complaint, as filed, contains strikeouts and other indications of changes made since the original complaint. It was filed in that form pursuant to local requirements in the District of Delaware.

4.  Both the Delaware Action filed on January 14, 2005 and the Pennsylvania Action filed on or about February 23, 2005 seek the determination of the same ultimate issues whether St. Paul is obligated to indemnify Maly Yan and/or Pack and Process as a result of the June 18, 2001 accident, whether Maly Yan was acting in the course and scope of her employment with Pack and Process at the time of the accident, and whether St. Paul or Pack & Process have any liability in connection with the underlying tort actions filed in Pennsylvania state court.

5.  This action should be dismissed pursuant to the First-Filed Rule, which mandates that in cases of concurrent federal jurisdiction involving similar parties and issues, the court of the first-filing must proceed to decide the matter. The Delaware Action -- an action involving essentially identical issues and the same critical parties -- was the first-filed action. Therefore, this action should be dismissed to permit the United States District Court for the District of Delaware to decide the matter.

6.  In the alternative, the Pennsylvania Action should be transferred to the United States District Court for the District of Delaware pursuant to 28 U.S.C.§ 1404 (a). Specifically, 28 U.S.C.§ 1404 (a) provides that for the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. Insofar as this action could have been filed in the District of Delaware, transfer is appropriate.

7.  In support of this Motion, St. Paul and Pack and Process incorporate by reference the attached brief.

8.     Oral argument is requested.

                                                        Respectfully submitted:

                                                     _____
                                                     Francis J. Deasey, Esquire - FD1214
                                                     James B. Burns, Esquire - JB1212
                                                     Deasey, Mahoney & Bender, Ltd.
                                                     1800 John F. Kennedy Blvd., Suite 1300
                                                     Philadelphia, Pennsylvania 19103-2978
                                                     (215) 587-9400
                                                     Counsel for Defendants, St. Paul Mercury
                                                     Insurance Company and Pack and Process,
                                                     Inc.

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| YAN THOU, Individually and as Administrator of the Estates of Oeurn Mam, Deceased and Navy Yan, Deceased et. al., Plaintiffs | : : : : : | CIVIL ACTION<br><br>NO.: 05-832 |
| v. | : : | JURY TRIAL DEMANDED |
| PACK & PROCESS, INC.<br><br>AND<br><br>ST. PAUL MERCURY INSURANCE COMPANY<br><br>Defendants | : : : : : : : : : | |

**BRIEF IN SUPPORT OF THE MOTION OF DEFENDANTS, ST. PAUL MERCURY INSURANCE COMPANY AND PACK AND PROCESS, INC., TO DISMISS THIS ACTION OR, IN THE ALTERNATIVE, TO TRANSFER THE ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

Defendants, St. Paul Mercury Insurance Company ('St. Paul") and Pack and Process, Inc. ("Pack and Process"), by and through their undersigned counsel, hereby submit this brief in support of their Motion to Dismiss this Action or, in the alternative, to Transfer the Action to the United States District Court for the District of Delaware, and in support thereof aver as follows:

**I.     NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiffs commenced this action (the "Pennsylvania Action") on or about February 23, 2005 against Pack and Process and St. Paul seeking, inter alia, a declaratory judgment as to insurance coverage available under a certain insurance policy issued by St. Paul to Pack & Process for tort claims arising out of a motor vehicle accident which occurred in Delaware in

June of 2001. See Exhibit "A" hereto. Plaintiffs herein also seek a ruling that Maly Yan, the owner and operator of the van involved in the accident, was acting in the course and scope of her employment with Pack and Process at the time of the accident. Plaintiffs also seek an order requiring St. Paul to indemnify or pay certain of the plaintiffs in connection with their accident-related claims.

More than one month before this action was filed, on January 14, 2005, St. Paul filed an essentially identical declaratory judgment action against Maly Yan in the United States District Court for the District of Delaware (the "Delaware Action") to determine its obligations in connection with the same tort actions which underlie the Pennsylvania Action -- namely, the claims arising out of the motor vehicle accident of June 18, 2001. See Exhibit "B" hereto. Subsequently, on March 16, 2005, an Amended Complaint was filed in the Delaware Action wherein Pack and Process was added as an additional Plaintiff. See Exhibit "C" hereto.[3]

The instant Motion requests that the Pennsylvania Action, which was later-filed, be dismissed or, in the alternative, transferred to the United States District Court for the District of Delaware.

## II.   FACTS

Pack and Process is a Delaware corporation with its only place of business located in New Castle County, Delaware. All of Pack and Process's business facilities, including its corporate office and warehouse, are located in New Castle County, Delaware. (See Affidavit of Steven Ames attached hereto as Exhibit "D" at ¶¶ 1,3 and 4). All of Pack and Process's business

---

[3] The Amended Complaint, as filed, contains strikeouts and other indications of changes made since the original complaint. It was filed in that form pursuant to local requirements in the District of Delaware.

-2-

operations are conducted in New Castle County, Delaware and none are conducted in Pennsylvania. (See Exhibit "D" at ¶ 3,4 and 8)

St. Paul is a corporation organized under the laws of the State of Minnesota and has its principal place of business in St. Paul, Minnesota. (See Amended Complaint in Delaware Action, Exhibit "C" at ¶ 1) St. Paul provided insurance coverage to Pack and Process. The insurance policy contained general liability, auto and excess umbrella coverage with primary limits of $1 million per event and $10 million umbrella, for a total of $11 million. Id. at ¶¶ 16-17.

Maly Yan was employed by Pack and Process as a Quality Control Line inspector at its New Castle, Delaware facility. Id. at ¶ 11. Maly Yan was not hired by Pack and Process to drive a vehicle, was not authorized to drive a vehicle or to transport other workers on Pack and Process's behalf, was not expected or requested to drive a vehicle or to transport workers on behalf of Pack and Process. Id. at ¶ 12.

Pack and Process entered into a contract with Lam Staff, Inc. (hereinafter referred to as "Lam") to provide a labor force to work at Pack and Process's warehouse in New Castle, Delaware. The agreement between Pack and Process and Lam pertaining to the workforce was negotiated, executed and performed in all respects in New Castle, County Delaware. See Ames Affidavit, Exhibit "D" at ¶¶ 5-6.

On June 18, 2001, Maly Yan was driving a vehicle in which she was transporting approximately nineteen (19) passengers. (See Complaint in this action, Exhibit "A" hereto, at ¶ 31). The van was owned at the time by Maly Yan, Id., and was involved in an automobile accident on the above date on Interstate 495 in Delaware. Id. at ¶ 32. The accident resulted in a number fatalities and injuries. See Id. at ¶ 34.

-3-

As a result of the accident seven (7) separate lawsuits ("Underlying Tort Actions") were filed. One of the Underlying Tort Actions, brought by Yan Thou (individually and as administrator of the estates of Oeurn Mam, deceased, and Navy Yan, deceased), Chan Yan, Thua Son and Chieu Thi Huynh, named only one defendant -- Maly Yan. (See Complaint in Thou, et. al v. Yan attached hereto as Exhibit "E"). Yan Thou, who was injured in the Accident, is Maly Yan's father. Oern Mam, who died in the accident, was Maly Yan's mother. Navy Yan, who also died in the accident, was Maly Yan's brother. Chan Yan, who was injured in the accident, is Maly Yan's aunt. Id. at ¶ 38. This action will be referred to herein as the "Intra-Family Action". Counsel for plaintiffs in the Intra-Family Action was the Philadelphia law firm Kline & Specter – the same firm involved in representing Maly Yan in the instant action. (See Stipulated Briefing Schedule filed in the Delaware Action attached hereto as Exhibit "F").

The Intra-Family Action was "tried" non-jury before the Honorable Sandra J. Moss on January 14 and 20, 2005. As the transcripts of the "trial" demonstrate the rules of evidence were essentially suspended during the "trial", as plaintiffs' attorney was permitted to himself testify as to what non-present witnesses "would say" had they been present, expert reports were admitted into evidence without objection, and no real defense to liability or damages was presented by Maly Yan. (See Trial Transcripts of Thou, et. al. v. Yan, dated January 14, 2005 and January 20, 2005 attached hereto as Exhibits "G" and "H" respectively; see pp. 9, 20 and 23 of Exhibit "G"). At the conclusion of the "trial" on January 20, 2005, Judge Moss assessed damages to each plaintiff, resulting in a total award of $10,228,467.00.

During the" trial", the parties handed up a Stipulation which Judge Moss executed, pursuant to which Maly Yan agreed to, among other things, assign to the plaintiffs her rights to any insurance proceeds to which she may be entitled. (See Stipulation executed by Judge Sandra

-4-

Moss attached hereto as Exhibit "I" at ¶¶ 2(b) and (c)). In exchange, plaintiffs waived their right to execute against Maly Yan's personal assets. Id. at ¶ 2(b).

The six remaining lawsuits were consolidated for discovery and trial. However, on January 21, 2004, the Honorable Mark Bernstein ruled upon Pack and Process's preliminary objections on forum non-conveniens (and other) grounds by issuing a series of Orders dismissing the six (6) remaining actions. Copies of the preliminary objections and resulting orders of dismissal are attached hereto, respectively, as Exhibits "J" and "K". Plaintiffs in those actions have appealed Judge Bernstein's rulings to the Pennsylvania Superior Court, where the matter is pending.

### III.   ARGUMENT

**A.   Pursuant To The "First-Filed" Rule, The Later-Filed Pennsylvania Action Should Be Dismissed Since It Is Essentially Identical To The Pending Delaware Action, And There Are No Special Circumstances Which Prohibit The Application Of The First-Filed Rule.**

#### 1.   The First-Filed Rule[4]

The Third Circuit follows the "First-Filed" Rule which promotes sound judicial administration and comity among federal courts of equal rank. Chase Manhattan v. Freedom Card, et. al., 265 F. Supp. 2d 445, 448 (D. Del. 2003), mtn for summary judgment granted in part, denied in part, 333 F. Supp. 2d 239, 2004 U.S. Dist. LEXIS 19747 (D. Del. 2004) (citing Triangle Conduit & Cable Co. v. National Elec. Products Corp., 125 F.2d 1008, 1009 (3d Cir. 1942), cert. denied, 316 U.S. 676, 62 S. Ct. 1046, 86 L. Ed. 1750 (1942)). The first-filed rule applies to actions seeking a declaratory judgment. See Crosley Co. v. Westinghouse Electric &

---

[4]   The First-Filed Rule has also been referred to as the Comity Doctrine.

Mfg. Co., 130 F.2d 474, 476 (3d Cir. 1942), cert denied, 317 U.S. 681, 87 L.Ed. 546 (1942); Fischer & Porter Co. v. Moorco Int'l., 869 F. Supp. 323, 325 (E.D. Pa. 1994).

The policy underlying this rule is two-fold and practical. On one hand, the rule benefits the litigants in that "the party who first brings a controversy into a court of competent jurisdiction for adjudication should ... be free from the vexation of subsequent litigation over the same subject matter." Chase, 265 F. Supp. 2d at 448. On the other hand, the courts and the public they serve are benefitted in that "courts already heavily burdened with litigation with which they must of necessity deal should ... not be called upon to duplicate each other's work involving the same issues and the same parties. " Id. The First-Filed Rule "has served to counsel trial judges to exercise their discretion by enjoining the subsequent prosecution of similar cases ... in different federal district courts.'" E.E.O.C. v. University of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988), cert. granted, 488 U.S. 992, 102 L.Ed.2d 581 (1988), aff'd, 493 U.S. 182, 107 L. Ed. 2d 571, 110 S. Ct. 577 (1990). "Although the First-Filed Rule is a rule of discretion, it is rather strongly favored; courts are directed to depart from it only in the face of 'rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping.' Transamerica Ins. Co. v. T.V. Spano Bldg. Corp., 1990 U.S. Dist. LEXIS 9343 (E.D. Pa. 1990) (citation omitted).

The First-Filed Rule mandates that in cases of federal concurrent jurisdiction involving the same parties and issues, the court of the first-filing must proceed to decide the matter. Zelenkofske Axelrod Consulting L.L.C. v. Messinger, 1999 U.S. Dist. LEXIS 12137 at *7 (E.D. Pa., 1999). See EEOC, supra, 850 F.2d at 971. Departures from the rule are "rare" and the second action should proceed only in "exceptional circumstances." Chase, 265 F. Supp.2d at 448. Exceptional circumstances have been held to exist when the plaintiff in the first-filed

-6-

action acted in bad faith or was motivated by forum shopping, where the second-filed suit had developed further at the time the motion was made or where "the first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum." Zelenkofske 1999 U.S. Dist. LEXIS 12137 at *6 (citing EEOC, supra, 850 F.2d at 971, 976).

If the First-File Rule applies, a court may dispose of the second-filed action by dismissing it without prejudice so that the plaintiff may replead his claims in the district of the prior action, or, may transfer the second action to the court of the first-filing for consolidation. Stone Creek Mechanical v. Carnes Company, 2002 U.S. Dist. LEXIS 20721, *10 (E.D. Pa. 2002) (citing Zelenlofske, supra at *4).

Pursuant to the First-Filed Rule, the later-filed Pennsylvania Action should be dismissed and the United States District Court of the District of Delaware should decide the controversy between the parties. Although the Pennsylvania Action contains more parties, it is functionally identical to the Delaware Action in that both actions seek a judicial declaration as to the legal relations between, and rights and obligations of, St. Paul, Pack & Process and Maly Yan in connection with the June 2001 accident. Thus, the Delaware action will dispose of the very same insurance coverage and other issues which have been pled in the Pennsylvania Action. Furthermore, there are no special circumstances that would prevent the application of the First-Filed Rule in this action.

As discussed more fully below, to allow the Pennsylvania Action to proceed would be contrary to well established First-Filed Rule. St. Paul, Pack and Process and Maly Yan would be subject to duplicative and needless litigation and judicial efficiency would not be served.

-7-

2. **Application of the First-Filed Rule Dictates That The Pennsylvania Action Be Dismissed Or, In The Alternative, Transferred To The District Court of Delaware**

To determine whether to dismiss a later-filed action based on the First-Filed Rule, the court must determine (1) whether the parties and issues are similar and (2) whether there are any unusual or exceptional circumstances that would prohibit the application of the First-Filed Rule. Stone Creek, 2002 U.S. Dist. LEXIS 20721 at *4 (citing Berkshire International Corp. v. Marquez, 69 F.R.D. 583, 586 (E.D. Pa. 1976)).[5]

   a. **The Parties and Issues Presented in Both Suits Concerning St. Paul's Obligations Are Similar If Not Identical.**

As long as the parties and issues in the competing actions are closely related, the First-Filed Rule will be invoked. It has been long been established that it is not necessary for the court of the first filing to have obtained jurisdiction over all parties of the subsequent suit so long as the outcome of the action between parties before that court would be dispositive of the issues being litigated by them in the other action. Unisys Corp. v. Amperif Corp., 1994 U.S. Dist. LEXIS 3193 (E.D. Pa. 1994) (citing Triangle Conduit & Cable Co. v. National Electric Products Corp., 125 F.2d 1008, 1009 (3rd Cir. 1942)).

In Triangle, supra, Company A, accused of patent infringement by the patent owner, Company B, filed an infringement/declaratory judgment action in the federal District Court for the District of Delaware seeking to have its position vindicated. Approximately two (2) weeks

---

[5] Special circumstances which have been found to justify the departure from the First Filed Rule include: 1) bad faith on the part of the plaintiff in the first-filed action; 2) forum shopping motivating the filing of the first action; 3) the circumstance where the second-filed action is further developed than the first-filed action at the time the motion was filed; or 4) where the filing of the first suit was made to preempt the opponent's imminent filing of a suit in a different, less favorable forum. Stone Creek, supra, 2002 U.S. Dist. LEXIS 20721 at *4 (citing Zelenkofske, 1999 U.S. Dist. LEXIS 12137 at *2). Clearly, none of the foregoing "special circumstances" exist in this matter.

-8-

later Company B filed a corresponding suit in the District Court for the Eastern District of Michigan. In the second suit Company B added a second defendant, the reseller of the allegedly infringing articles, and made allegations about its conduct. The Court recognized that Plaintiff's cause of action against this second party was clearly distinct from its claim against the original infringer, Company B. Triangle, 125 F.2d at 1009.

Plaintiff in the first action, Company A, moved to enjoin any further proceedings by Company B in the second suit until the first forum had adjudicated the declaratory judgment action.[6] The Third Circuit held that the complaint filed in the second action naming additional defendants and stating different claims could not be employed to deprive the first forum of jurisdiction:

> [T]he prosecution of [Company B's] independent cause of action against [an additional defendant not named as a party to the first suit] may not be made the basis for transferring the adjudication of the controversy between [Companies A and B] from the district ... which first assumed jurisdiction of it to the district court in [another state] to which [Company B] subsequently sought to take it.

Triangle, 125 F.2d at 1009. Moreover, the Court emphatically stated that "[r]egardless of the presence of the [additional] cause of action against [an additional defendant] it was the duty of

---

[6] The First-Filed Rule is equally applicable when the motion is filed in the first forum to enjoin activities in the second, or as with St. Paul's motion, when it is filed in the second jurisdiction to dismiss or stay that action. Crosley Corp., supra, 122 F.2d 925, 929 ("the federal district court which first obtains jurisdiction may preserve its jurisdiction by injunction.") (citations omitted); West Gulf Maritime Ass'n. v. ILA Deep Sea Local 24, et. al., 751 F.2d 721, 732 (5th Cir. 1985), cert. denied, 474 U.S. 844, 88 L.Ed2d 110 (1985) ("defendants ... could have sought in the (earlier-filed) action an injunction prohibiting West Gulf from proceeding [in the second]"); Meeropol v. Nizer, 505 F.2d 232, 235 (2d Cir. 1974) ("Where an action is brought in one federal district and a later action embracing the same issue is brought in another federal court, the first court has jurisdiction to enjoin the prosecution of the second action.") In the Delaware Action, St. Paul and Pack and Process are filing, contemporaneously with this motion, a motion to enjoin this Pennsylvania Action.

-9-

the court below to enjoin [Company B] from proceeding with the cause of action against [Company A] until after the present declaratory judgment action has been decided." Id.

In reaching this determination, the Court announced that the line of cases mandating a stay where the same parties and issues exist in both suits "does not depend on whether or not in the subsequent ... suit [another party] is joined as an additional defendant pursuant to the broad authority for joinder of parties and causes of action conferred by Civil Procedure Rules 18 and 20 ... " Id. The Court emphasized that, despite its prohibition against further proceedings in the second forum against Company A, plaintiff "was fully empowered to sever its separate cause of action against [the reseller]." Id.

The crux of both the Pennsylvania Action and the Delaware Action is whether St. Paul owes any duty of indemnification as a result of the accident on June 18, 2001, and whether Maly Yan was acting in the course and scope of her employment at the time of the accident. Resolution of these issues will require inquiry into Maly Yan's employment relationship with Pack and Process and analysis of the St. Paul insurance policy to determine whether Maly Yan was a "permitted user" or "protected person" and whether the van was a "covered auto" under the St. Paul policy. To decide these issues the only parties necessary are Maly Yan, St. Paul and Pack and Process, who are already parties in the Delaware Action.

Since the Delaware Action will be able to resolve all pertinent factual and legal issues with the existing parties to that action, the underlying tort plaintiffs against Maly Yan and Pack and Process -- who are also plaintiffs here – and the entity (Lam) which allegedly arranged by contract to bring workers to Delaware are not necessary or indispensable parties. See Brief of

St. Paul and Pack and Process being filed on or before March 18, 2005 in the Delaware Action (less exhibits), Exhibit "L" hereto.[7]

### B. In the Alternative, The Pennsylvania Action Should Be Transferred To The United States District Court for the District of Delaware Pursuant to 28 U.S.C.§ 1404 (a).

28 U.S.C. § 1404 (a) provides that for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. The Courts have found that a substantial reason to transfer a case pursuant to 28 U.S.C.§ 1404 (a) is if there is a related case in another forum. Southampton Sports Zone, Inc. v. Probattter Sports, 2003 U.S. Dist. LEXIS 18126 (E.D.Pa. 2003). In Southampton, the Court noted that "[t]he interests of justice and the convenience of the parties and witnesses are ill-served when federal cases arising out of the same circumstances and dealing with the same issues are allowed to proceed separately." Id. at *14 (quoting Prudential Ins. Co. of Amer. v. Rodano, 493 D. Supp. 954, 955 (E.D. Pa. 1980)). The Southampton Court went on to state that the presence of a related case is sufficient enough to tilt the balance in favor of the transfer even when the convenience of the parties and witnesses would favor a denial of the motion to transfer. Southampton, 2003 U.S. Dist. LEXIS 18126 at *15 (citation omitted).

In the instant matter, all factors favor the transfer of the Pennsylvania Action to the United States District Court for the District of Delaware. First, Delaware has the most ties to the

---

[7] It is worth noting that although Maly Yan has moved to dismiss the Delaware Action by arguing that Lam and all of the Pennsylvania tort plaintiffs are indispensable parties in Delaware, she failed to name Lam as a party to this action, and also failed to name two of the tort plaintiffs -- Lawrence Vong (plaintiff in #2882) and Rahmat Pari (plaintiff in #2190) -- as parties to this action. Moreover, while she has alleged in the Delaware Action that all of the tort plaintiffs have an interest in the outcome of the insurance dispute, only some of the plaintiffs herein have an assignment from Maly Yan to prosecute claims against St. Paul. The remaining Plaintiffs have not pled any such right.

-11-

accident in question. Maly Yan worked at the Pack and Process plant in Delaware; the accident occurred in Delaware; most of the documents relating to the critical insurance and employment issues are located in Delaware; the insurance policy was issued in Delaware; the contract with Lam to provide contract labor was negotiated, executed, and performed in Delaware; and Pack and Process is a Delaware corporation which operates solely in that state and has no ties with Pennsylvania. Perhaps most significantly, the substantially identical Delaware Action was first-filed. As noted by the Court in <u>Southampton</u>, <u>supra</u>, this fact alone tilts the balance in favor of transferring the Pennsylvania Action to the District of Delaware.

### IV.   CONCLUSION

For all the foregoing reasons, Defendants St. Paul and Pack & Process respectfully request that this Action be dismissed or, in the alternative, transferred to the United States District Court for the District of Delaware.

Respectfully submitted:

Francis J. Deasey, Esquire - FD1214
James W. Burns, Esquire - JB1212
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, Pennsylvania 19103-2978
(215) 587-9400
Counsel for Defendants, St. Paul Mercury Insurance Company and Pack & Process, Inc.

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| YAN THOU, Individually and as Administrator of the Estates of Oeurn Mam, Deceased and Navy Yan, Deceased, et. al, Plaintiffs : : : : : : | CIVIL ACTION<br><br>NO.: 05-832 |
| v. : : | |
| PACK & PROCESS, INC. : : | |
| AND : : | |
| ST. PAUL MERCURY INSURANCE COMPANY, Defendants : : : | |

**CERTIFICATE OF SERVICE**

I, JAMES B. BURNS, ESQUIRE, hereby certify that a true and correct copy of Defendants, Pack and Process, Inc. and St. Paul Mercury Insurance Company's Motion to Dismiss and Brief in Support of Motion Dismiss, has been served upon all parties listed below via hand delivery this 17th Day of March, 2005:

> Shanin Specter, Esquire
> Kline & Specter, P.C.
> 1525 Locust Street
> The Nineteenth Floor
> Philadelphia, PA  19102
> Attorneys for Plaintiffs

> _____
> JAMES B. BURNS, ESQUIRE - JB1212
> Deasey, Mahoney & Bender, Ltd.
> 1800 John F. Kennedy Boulevard, Suite 1300
> Philadelphia, Pa 19103-2978
> (215) 587-9400/(215) 587-9456 fax
> Attorney for Defendants, Pack and Process, Inc.
> and St. Paul Mercury Insurance Company