SUMMONS IN A CIVIL ACTION

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YAN THOU, Individually and as Administrator of the Estates of Oeurn Mam, Deceased and Navy Yan, Deceased, AND CHAN YAN, AND THUA SON, AND CHIEU THI HUYNH, AND BAY THI NGUYEN, UNCHLEE VONG, AND DONKEO PHRAVICHIT, AND KUSTI LEMAN, TJAJAH CHANDRA as mother and legal guardian of LANI CHANDRA and LANI CHANDRA, in her own right, AND ZAIR SHAH, AND KHAN GUL, AND SALIM KHAN, and MOHAMMED SARDAR KHAN as Co-Administrators of the Estate of MOHAMMED AZIM, AND SOLY CHAN, as Administrator of the Estate of LANG KEHM, deceased, a/k/a LANG CHHAY, AND THORN BUN KHEM, as Administrator of the Estate of LAM KHEM, deceased, AND MALY YAN<br><br>v.<br><br>PACK & PROCESS, INC., AND ST. PAUL MERCURY INSURANCE COMPANY | CIVIL ACTION NO. 05-832<br><br><br>TO: (NAME AND ADDRESS OF<br>    DEFENDANT) |

**YOU ARE HEREBY SUMMONED** and required to serve upon

Plaintiff's Attorney (Name and Address)

Jonathan M. Cohen, Esq.
1525 Locust Street
The Nineteenth Floor
Philadelphia, PA 19102

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

| | |
|---|---|
| Michael E. Kunz, Clerk of Court | Date:  February 23, 2005 |

(By) Deputy Clerk

*Tashia C. Irving*
Tashia C. Irving

## United States District Court

Eastern District Of Pennsylvania
United States Courthouse
Independence Mall West
601 Market Street
Philadelphia, PA 19106-1797

*Chambers of*
*James T. Giles*
*Chief Judge*

*Michael E. Kunz*
*Clerk of Court*

*Clerk's Office*
*Room 2609*
*Telephone*
*(215)597-7704*

## NOTICE OF RIGHT TO CONSENT TO EXERCISE OF JURISDICTION
## BY A UNITED STATES MAGISTRATE JUDGE

The district judges of this Court have found that the United States magistrate judges are experienced judicial officers who have regularly handled the disposition of hundreds of civil cases through motions and trials and are fully qualified to try any civil cases arising before this Court.

In accordance with the provisions of 28 U.S.C. §636(c), you are hereby notified that pursuant to Local Rules 72.1(h), the United States magistrate judges of this district, in addition to their other duties, may, upon the consent of all the parties in a civil case, conduct any or all proceedings in a civil case, including a jury or non-jury trial, and order the entry of a final judgement. Appropriate consent forms for this purpose are available from the clerk of court.

Your decision to consent, or not to consent, to the referral of your case to a United States magistrate judge for disposition is entirely voluntary and should be communicated solely to the clerk of the district court. Only if all the parties in the case consent to the reference to a magistrate judge will either the judge or magistrate judge be informed of your decision. **If you decide to consent, your case will receive a date certain for trial.**

No action eligible for arbitration will be referred by consent of the parties until the arbitration has been concluded and trail *de novo* demanded pursuant to Local Rules 53.2 , Paragraph 7. The Court may, for good cause shown, or on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge.

When a case is referred to a magistrate judge for all further proceedings, including the entry of final judgement, the final judgement shall be appealed directly to the Court of Appeals for the Third Circuit in the same manner as an appeal from any other judgement of a district court.

Nothing herein shall be construed to be a limitation of any party's right to seek review by the Supreme Court of the United States.

JAMES T. GILES
CHIEF JUDGE

MICHAEL E. KUNZ
CLERK OF COURT

Civ. 635(2/99)

**United States District Court**
Eastern District Of Pennsylvania
United States Courthouse
Independence Mall West
601 Market Street
Philadelphia, PA 19106-1797

*Chambers of*
*James T. Giles*
*Chief Judge*

*Clerk's Office*
*Room 2609*
*Telephone*
(215)597-7704

*Michael E. Kunz*
*Clerk of Court*

## NOTICE OF RIGHT TO CONSENT TO EXERCISE OF JURISDICTION
## BY A UNITED STATES MAGISTRATE JUDGE

The district judges of this Court have found that the United States magistrate judges are experienced judicial officers who have regularly handled the disposition of hundreds of civil cases through motions and trials and are fully qualified to try any civil cases arising before this Court.

In accordance with the provisions of 28 U.S.C. §636(c), you are hereby notified that pursuant to Local Rules 72.1(h), the United States magistrate judges of this district, in addition to their other duties, may, upon the consent of all the parties in a civil case, conduct any or all proceedings in a civil case, including a jury or non-jury trial, and order the entry of a final judgement. Appropriate consent forms for this purpose are available from the clerk of court.

Your decision to consent, or not to consent, to the referral of your case to a United States magistrate judge for disposition is entirely voluntary and should be communicated solely to the clerk of the district court. Only if all the parties in the case consent to the reference to a magistrate judge will either the judge or magistrate judge be informed of your decision. **If you decide to consent, <u>your case will receive a date certain for trial</u>.**

No action eligible for arbitration will be referred by consent of the parties until the arbitration has been concluded and trail *de novo* demanded pursuant to Local Rules 53.2 , Paragraph 7. The Court may, for good cause shown, or on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge.

When a case is referred to a magistrate judge for all further proceedings, including the entry of final judgement, the final judgement shall be appealed directly to the Court of Appeals for the Third Circuit in the same manner as an appeal from any other judgement of a district court.

Nothing herein shall be construed to be a limitation of any party's right to seek review by the Supreme Court of the United States.

JAMES T. GILES
CHIEF JUDGE

MICHAEL E. KUNZ
CLERK OF COURT

Civ. 635(2/99)

### KLINE & SPECTER
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

THE NINETEENTH FLOOR
1525 LOCUST STREET
PHILADELPHIA-PENNSYLVANIA 19102

———

215-772-1000
FAX: 215-772-1359

JOSHUA R. VAN NAARDEN

February 23, 2005

HAND DELIVERED

Clerk of Court
United States Federal District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street Room 2609
Philadelphia PA 19106

     RE: Yah Thou, Individually and as Administrator of the Estates of Oeurn Mam, deceased and Navy Yan, deceased, et al vs. Pack and Process, Inc., et al

Dear Mr. Kunz:

     Enclosed pleas find the original and one (1) copy of Plaintiffs' Complaint in the above matter. Also, enclosed please find our check in the amount of $250.00 and a disk with Plaintiffs' Complaint in PDF format.

     Kindly file the original Complaint and the disk and return the times-stamped copy and all summonses in the provided envelope.

     Thank you for your assistance in this matter.

             Very truly yours,

             JOSHUA VAN NAARDEN

JVN/ckp
Encls.

# UNITED STATES DISTRICT COURT

_____ DISTRICT OF _____

SUMMONS IN CIVIL ACTION

YAN THOU, Individually and as                    :
Administrator of the Estates of Oeurn            :
Mam, Deceased and Navy Yan, Deceased :
2007 So. 9th Street                              :
Philadelphia, Pennsylvania 19148 , ET ALS
(SEE ATTACHED LIST)                              :

CASE NUMBER: $05-832$

V.

PACK & PROCESS, INC.                             :       JURY TRIAL DEMANDED
3 Boulden Circle                                 :
New Castle, DE 19720                             :
            AND                                  :
ST. PAUL MERCURY INSURANCE                       :
COMPANY                                          :
385 Washington Street                            :
Saint Paul, MN 55102                             :

        TO: [Name and Address of Defendant]

PACK & PROCESS, INC.
3 Boulden Circle
New Castle, DE 19720

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this
Court and serve upon *SHANIN SPECTER, ESQUIRE, JONATHAN M. COHEN, ESQUIRE
or JOSHUA VAN NAARDEN, ESQUIRE,* an answer to the complaint which is herewith served upon you,
within _____ days after service of this summons upon you, exclusive of the day of service.  If you
fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

_____          _____
CLERK                                      DATE


_____
BY DEPUTY CLERK

# UNITED STATES DISTRICT COURT

_____ DISTRICT OF _____

SUMMONS IN CIVIL ACTION

YAN THOU, Individually and as          :
Administrator of the Estates of Oeurn  :
Mam, Deceased and Navy Yan, Deceased   :
2007 So. 9th Street                    :
Philadelphia, Pennsylvania 19148 , ET ALS
(SEE ATTACHED LIST)                    :

CASE NUMBER:

V.

PACK & PROCESS, INC.                   :    JURY TRIAL DEMANDED
3 Boulden Circle                       :
New Castle, DE 19720                    :
              AND                      :
ST. PAUL MERCURY INSURANCE             :
COMPANY                                :
385 Washington Street                  :
Saint Paul, MN 55102                   :

TO: [Name and Address of Defendant]

ST. PAUL MERCURY INSURANCE
COMPANY
385 Washington Street
Saint Paul, MN 55102

   **YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this
Court and serve upon _SHANIN SPECTER, ESQUIRE,JONATHAN M. COHEN, ESQUIRE
or JOSHUA VAN NAARDEN, ESQUIRE,_ an answer to the complaint which is herewith served upon you,
within _____ days after service of this summons upon you, exclusive of the day of service.  If you
fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

_____          _____
CLERK                                       DATE

_____
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT                                        APPENDIX A

FOR THE EASTERN DISTRICT OF PENNSYLVANIA -DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2007 South 9th Street, Philadelphia PA 19148   (see list of additional plaintiffs)

Address of Defendant: 3 Boulden Circle , New Castle DE 19720 (see list of additional defendants)

Place of Accident, Incident or Transaction: Wilmington Delaware- auto accident causing deaths and injuries
                                              (Use Reverse Side For Additional Space)

Does this case involve multidistrict litigation possibilities?                    Yes☐   No☒
RELATED CASE, IF ANY:

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                          Yes☐   No☒

2. Does this case involve the same issue of fact or growout of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                          Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                          Yes☐   No☒

CIVIL: (Place V in ONE CATEGORY ONLY)

A. Federal Question Cases:                              B. Diversity Jurisdiction Cases:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts    1. ☒ Insurance Contract and Other Contracts
2. ☐ FELA                                               2. ☐ Airplane Personal Injury
3. ☐ Jones Act-Personal Injury                          3. ☐ Assault, Defamation
4. ☐ Antitrust                                          4. ☐ Marine Personal Injury
5. ☐ Patent                                             5. ☐ Motor Vehicle Personal Injury
6. ☐ Labor-Management Relations                         6. ☐ Other Personal Injury (Please specify)
7. ☐ Civil Rights                                       7. ☐ Products Liability
8. ☐ Habeas Corpus                                      8. ☐ Products Liability - Asbestos
9. ☐ Securities Act(s) Cases                            9. ☐ All other Diversity Cases
10. ☐ Social Security Review Cases                          (Please specify)
11. ☒ All other Federal Question Cases
     (Please specify)

ARBITRATION CERTIFICATION
(Check appropriate Category)

I, Jonathan M. Cohen, Esquire _____   counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 2-22-05 _____   Jonathan M. Cohen, Esquire _____   69062 _____
                                 Attorney-at-Law                              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2-22-05 _____   Jonathan M. Cohen, Esquire _____   69062 _____
                                 Attorney-at-Law                              Attorney I.D.#

CIV. 609 (9.99)

JS-44 (Rev. 3/99)                    CIVIL COVER SHEET                    APPENDIX B

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

YAN THOU, Individually and as Administrator of the Estates of Oeurn Mam, Deceased and Navy Yan, Deceased (SEE ATTACHED LIST)

**DEFENDANTS**

PACK & PROCESS, INC.   AND
ST. PAUL MERCURY INSURANCE COMPANY

(b) County of Residence of First Listed Plaintiff  Philadelphia Co., PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  NEW CASTLE, DELAWARE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Kline & Specter - 1525 Locust Street, 19th Floor
Philadelphia, PA  19102
(215)772-1000

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Govern Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury – Med. Malpractice<br>☐ 365 Personal Injury – Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/M gmt. Relations<br>☐ 730 Labor/M gmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS -Third Party 26 USC 7609 | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 2201 Declaratory Releif and Indemnification
28 U.S.C. Section 1332 Diversity

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND$    CHECK YES only if demanded in complaint  JURY DEMAND: ☒ YES ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):  JUDGE    DOCKET NUMBER

DATE  2-22-05    SIGNATURE OF ATTORNEY OF RECORD  S/ Jonathan M. Cohen

FOR OFFICE USE ONLY

RECEIPT    AMOUNT    APPLYING IFP    JUDGE    MAG JUDGE

YAN THOU, Individually and as                    :
Administrator of the Estates of Oeurn           :
Mam, Deceased and Navy Yan, Deceased   :
2007 So. 9th Street                                       :
Philadelphia, Pennsylvania 19148
                    AND                                       :
CHAN YAN                                                  :
2307 So. 9th Street                                       :
Philadelphia, Pennsylvania 19148                :
                    AND                                       :
THUA SON                                                   :
534 Reed Street                                           :
Philadelphia, PA 19148                                :
                    AND                                       :
CHIEU THI HUYNH                                     :
402 Tree Street                                           :
Philadelphia, Pennsylvania 19148                :
                    AND                                       :
BAY THI NGUYEN                                       :
1530 Beulah Street                                      :
Philadelphia, PA 19147                                :
                    AND                                       :
UNCHALEE VONG                                       :
642 Wharton Street                                      :
Philadelphia, PA 19147                                :
                    AND                                       :
DONKEO PHRAVICHIT                              :
2326 South 7th Street                                  :
Philadelphia, PA 19148                                :
                    AND                                       :
KUSTI LEMAN                                            :
1641 Hicks Street                                        :
Philadelphia, PA 19145                                :
                    AND                                       :
TJAJAH CHANDRA as mother and           :
legal guardian of LANI CHANDRA and    :
LANI CHANDRA, in her own right
Pademangan 3 Raya                                     :
Gang 1 No. 42
RT 02-RW o9                                               :
Jakarta Timur, Indonesia 14410                  :
                    AND                                       :
ZAIR SHAH                                                 :
2318 S. 7th Street                                        :
Philadephia, PA 19148                                 :

```
                        AND                  :
KHAN GUL                                     :
640 Moyamensing Ave.                         :
Philadelphia, PA 19148                       :
                        AND                  :
SALIM KHAN                                   :
420 Woodclife Road                           :
Upper Darby, PA 19082 and                    :
MOHAMMED SARDAR KHAN as                      :
Co-Administrators of the Estate of           :
MOHAMMED AZIM                                :
2408 So. 7th Street                          :
Philadelphia , PA 19148                      :
                        AND                  :
SOLY CHAN, as Administrator of the           :
Estate of LANG KEHM, deceased, a/k/a         :
LANG CHHAY                                    :
1918 Newkirk Street                          :
Philadelphia, PA 19145                       :
                        AND                  :
THORN BUN KHEM, as Administator              :
of the Estate of LAM KHEM, deceased          :
4601 Halley Circle                           :
Glen Allen, VA 23060                         :
                        AND                  :
MALY YAN                                     :
2007 South 9th Street                        :
Philadelphia, PA 19148                       :
                                             :
                VS.                          :
                                             :
PACK & PROCESS, INC.                         :
3 Boulden Circle                             :
New Castle, DE 19720                         :
                        AND                  :
ST. PAUL MERCURY INSURANCE                   :
COMPANY                                      :
385 Washington Street                        :
Saint Paul, MN 55102                         :
```

IN THE UNITED STATES DISTRICT COURT          APPENDIX C
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

YAN THOU, Individually and as Administrator          CIVIL ACTION
of the Estate of Oeurn Mam, deceased and Navy Yan, deceased
et al
                        v.
PACK AND PROCESS, INC.
                                                     NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)    Habeas Corpus -- Cases brought under 28 U.S.C.
       §2241 through §2255.                                    ( )

(b)    Social Security -- Cases requesting review of a
       decision of the Secretary of Health and Human
       Services denying plaintiff Social Security Benefits.   ( )

(c)    Arbitration -- Cases required to be designated for
       arbitration under Local Civil Rule 53.2.               ( )

(d)    Asbestos -- Cases involving claims for personal
       injury or property damage from exposure to
       asbestos.                                              ( )

(e)    Special Management -- Cases that do not fall into
       tracks (a) through (d) that are commonly referred
       to as complex and that need special or intense
       management by the court. (See reverse side of
       this form for a detailed explanation of special
       management cases.)                                     ( )

(f)    Standard Management -- Cases that do not fall into
       any one of the other tracks.                           (x)

2-22-05                              Jonathan M. Cohen, Esquire


                                     Plaintiffs
                                     Attorney for

(Civ. 660) 7/95

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

YAN THOU, Individually and as          :
Administrator of the Estates of Oeurn  :
Mam, Deceased and Navy Yan, Deceased   :
2007 So. 9th Street                    :
Philadelphia, Pennsylvania 19148       :     CIVIL ACTION NO.
                AND                    :
CHAN YAN                               :
2307 So. 9th Street                    :
Philadelphia, Pennsylvania 19148       :
                AND                    :     JURY TRIAL DEMANDED
THUA SON                               :
534 Reed Street                        :
Philadelphia, PA 19148                 :
                AND                    :
CHIEU THI HUYNH                        :
402 Tree Street                        :
Philadelphia, Pennsylvania 19148       :
                AND                    :
BAY THI NGUYEN                         :
1530 Beulah Street                     :
Philadelphia, PA 19147                 :
                AND                    :
UNCHALEE VONG                          :
642 Wharton Street                     :
Philadelphia, PA 19147                 :
                AND                    :
DONKEO PHRAVICHIT                      :
2326 South 7th Street                  :
Philadelphia, PA 19148                 :
                AND                    :
KUSTI LEMAN                            :
1641 Hicks Street                      :
Philadelphia, PA 19145                 :
                AND                    :
TJAJAH CHANDRA as mother and           :
legal guardian of LANI CHANDRA and     :
LANI CHANDRA, in her own right         :
Pademangan 3 Raya                      :
Gang 1 No. 42                          :
RT 02-RW 09                            :
Jakarta Timur, Indonesia 14410         :

AND                                    :
ZAIR SHAH                              :
2318 S. 7th Street                     :
Philadelphia, PA 19148                 :
            AND                        :
KHAN GUL                               :
640 Moyamensing Ave.                   :
Philadelphia, PA 19148                 :
            AND                        :
SALIM KHAN                             :
420 Woodclife Road                     :
Upper Darby, PA 19082 and              :
MOHAMMED SARDAR KHAN as                :
Co-Administrators of the Estate of     :
MOHAMMED AZIM                          :
2408 So. 7th Street                    :
Philadelphia , PA 19148                :
            AND                        :
SOLY CHAN, as Administrator of the     :
Estate of LANG KEHM, deceased, a/k/a   :
LANG CHHAY                             :
1918 Newkirk Street                    :
Philadelphia, PA 19145                 :
            AND                        :
THORN BUN KHEM, as Administrator       :
of the Estate of LAM KHEM, deceased    :
4601 Halley Circle                     :
Glen Allen, VA 23060                   :
            AND                        :
MALY YAN                               :
2007 South 9th Street                  :
Philadelphia, PA 19148                 :
                                       :
            VS.                        :
                                       :
PACK & PROCESS, INC.                   :
3 Boulden Circle                       :
New Castle, DE 19720                   :
            AND                        :
ST. PAUL MERCURY INSURANCE             :
COMPANY                                :
385 Washington Street                  :
Saint Paul, MN 55102                   :

## INDEMNIFICATION AND DECLARATORY JUDGMENT COMPLAINT

Plaintiffs, by and through their counsel, Shanin Specter, Esquire, Jonathan M. Cohen, Esquire and Joshua Van Naarden, Esquire of Kline & Specter, P.C., Robert S. Miller, Esquire of Wapner Newman Wigrizer & Brecher, Warren I. Siegel, Esquire of Bernhardt & Rothermel, P.C.,Richard Costigan, Esquire of Costigan & Costigan and Steve Dranoff, Equire of Dranoff-Perstein Associates hereby files this action seeking declaratory relief and indemnification pursuant to 28 U.S.C. §2201, and alleges support thereof the following:

### THE PARTIES

1.      Plaintiff, Yan Thou, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 2007 So. 9th Street, Philadelphia, Pennsylvania 19148.

2.      Plaintiff, Yan Thou, is the husband of Oeurn Mam, Deceased and the duly appointed Administrator of the Estate of Oeurn Mam.

3.      Prior to her death on June 18, 2001, Oeurn Mam was an adult and citizen of the Commonwealth of Pennsylvania, and was married to Plaintiff, Yan Thou, and resided with him at 2007 So. 9th Street, Philadelphia, Pennsylvania 19148.

4.      Plaintiff Yan Thou, is the father of Navy Yan, and the duly appointed Administrator of the Estate of Navy Yan, Deceased.

5.      Prior to his death on June 18, 2001, Navy Yan was a minor and the son of Plaintiff, Yan Thou, and Oeurn Mam, deceased, and resided with his parents at 2007 So. 9th Street, Philadelphia, Pennsylvania 19148.

6.      Plaintiff, Chan Yan, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2307 So. 9th Street, Philadelphia, Pennsylvania 19148.

7.  Plaintiff, Thuha Son, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 534 Reed Street, Philadelphia, Pennsylvania 19148.

8.  Plaintiff, Chieu Thi Huynh, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 402 Tree Street, Philadelphia, Pennsylvania 19148.

9.  Plaintiff, Bay Thi Nguyen, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 1530 Beulah Street, Philadelphia, PA 19147

10.  Plaintiff, Unchalee Vong, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 642 Wharton Street, Philadelphia, PA 19147.

11.  Plaintiff, Donkeo Phravichit, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2326 South 7th Street, Philadelphia, PA 19148.

12.  Plaintiff, Kusti Leman, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 1641 Hicks Street, Philadelphia, PA 19145.

13.  Plaintiff, Tjajah Chandra, as mother and legal guardian of Lani Chandra is an adult individual and citizen of Indonesia residing at Pademangan 3 Raya, Gang 1 No. 42, RT 02-RW o9, Jakarta Timur, Indonesia 14410.

14.  Plaintiff, Lani Chandra, is a minor and a citizen of Indonesia residing at Pademangan 3 Raya, Gang 1 No. 42, RT 02-RW o9, Jakarta Timur, Indonesia 14410.

15.  Plaintiff, Zair Shah, is an adult individual and citizen of Pakistan, temporarily living in Pakistan, having a residence of 2318 S. 7th Street, Philadelphia, PA 19148.

16.  Plaintiff, Khan Gul, is an adult individual and citizen of Pakistan, temporarily living in England, having a residence of 640 Moyamensing Ave., Philadelphia, PA 19148.

17.  Plaintiff, Salim Khan, is a Co-Administrator of the Estate of Mohammed Azim

2

and is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 420 Woodclife Road , Upper Darby, PA 19082.

18.    Plaintiff, Mohammed Sardar Khan is a Co-Administrator of the Estate of Mohammed Azim, and is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2408 So. 7th Street, Philadelphia , PA 19148.

19.    Plaintiff, Soly Chan, is the Administrator of the Estate of Lang Khem, deceased, also known as Lang Chhay and is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 1918 Newkirk Street, Philadelphia, PA 19145.

20.    Plaintiff, Thorn Bun Khem, is the Administrator of the Estate of Lam Khem, deceased,  and is an is an adult individual and citizen of the State of Virginia residing at 4601 Halley Circle, Glen Allen, VA 23060.

21.    Plaintiff, Maly Yan, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 2007 So. 9th Street, Philadelphia, Pennsylvania 19148.

22.    Defendant Pack and Process, Inc., ["Pack and Process"] is a corporation or other jural entity duly organized and existing under the laws of Delaware, with its principal place of business located at 3 Boulden Circle, New Castle, DE 19720, and a mailing address at P.O. Box 883, New Castle, DE 19720, and at all times relevant hereto, was in the business packaging food, pharmaceuticals, and other consumer items, and maintained substantial, continuous and systematic business contacts with the Commonwealth of Pennsylvania and regularly conducted a substantial part of its regular business in Pennsylvania and the Eastern District of Pennsylvania.

23.    At all times relevant hereto, defendant Pack and Process obtained contract laborers to work in its factory in New Castle, Delaware by employing a staffing agency to supply

3

contract workers from Philadelphia, and by employing a driver to transport more than fifteen

contract workers and passengers to the factory and back to Philadelphia in a fifteen passenger

van.

24.    At all times relevant hereto, plaintiff Maly Yan was an employee, servant, or

agent of Pack and Process, acting within the scope of her employment and/or master-servant

and/or agency relationship with Pack and Process while providing transportation to all plaintiffs

to and from the Pack and Process factory.  Accordingly, Pack and Process is liable for damages

resulting from the negligent acts and omissions of Maly Yan which occurred while she was

transporting plaintiffs to the Pack and Process factory, under doctrines of <u>respondeat</u> <u>superior</u>,

master-servant, agency, and right of control.

25.    Defendant, St. Paul's Travelers a/k/a St. Paul Company ["St. Paul"], is a

corporation organized and existing under the laws of the State of Minnesota, with an address for

the acceptance of service of process at 385 Washington Street, Saint Paul, MN 55102, and

having its principal place of business in Minnesota, with an address and place of business at 385

Washington Street, Saint Paul, MN 55102 and at all time relevant hereto, was in the business of

providing insurance coverage and maintained substantial, continuous and systematic business

contacts with the Commonwealth of Pennsylvania and regularly conducted a substantial part of

its regular business in the and City and County of Philadelphia.

26.    Maly Yan has admitted under oath that she was a Pack and Process

agent/employee working within the course and scope of her employment at the time of the

accident.  See Deposition Transcript of Maly Yan pp. 65, 66 Attached as Exhibit "A".  Pack and

Process disputes this fact, and a declaratory judgment action is necessary to determine this

4

dispute.

## JURISDICTION AND VENUE

27.    This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332, by virtue of the diversity of citizenship of the parties, and because the amount in controversy, exclusive of interest and costs, is alleged to be in excess of $75,000.00.

28.    Venue is proper in this district pursuant to 28 U.S.C. §1391 (a)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this district. Specifically, the Plaintiffs reside and receive treatment in Philadelphia, Pennsylvania.

## OPERATIVE FACTS

29    On or about June 18, 2001, Defendant Charles Reistle, Sr., while acting within the course and scope of his employment with Motiva, was operating a tractor-trailer owned by Motiva with a vehicle identification number of 1XPGD09X5XD504161 ["tractor-trailer"] in a northbound direction on I-495 near Wilmington, Delaware, and toward Philadelphia, Pennsylvania.

30.    On or about June 18, 2001, Plaintiff, Yan Thou, and Plaintiff's decedents, Oeurn Mam, and Navy Yan, along with plaintiffs Chan Yan, Thuha Son, and Chieu Thi Huynh were returning from work at Pack and Process and were passengers in a 1992 Dodge Ram Van, bearing Pennsylvania license plate No. DZK8292, traveling northbound on I-495 toward Philadelphia.

31.    At all times relevant hereto, the 1992 Dodge Ram van was owned and operated by

5

Maly Yan, who acted as the agent of defendant Pack and Process in transporting nineteen passengers in the van back and forth to the Pack and Process factory in New Castle, Delaware. Eighteen of the passengers, including Plaintiffs Yan Thou, Chan Yan, Thuha Son, Chieu Thi Huynh and Oeurn Mam, were contract workers supplied by Lam to work at Pack and Process, and were transported by Maly Yan, acting as the agent of Pack and Process, from their neighborhood in Philadelphia to work at the Pack and Process facility in New Castle, Delaware, and back again to Philadelphia at the end of the work day.

32.    At around 4:50 p.m. on June 18, 2001, Maly Yan attempted to drive the 1992 Dodge van past the Motiva tractor-trailer driven by defendant Reistle on northbound I-495 At this time, the van was carrying nineteen passengers.

33.    At about 3.4 miles north of Wilmington, Defendant Reistle steered the tractor-trailer close to the van so as to make it unsafe for Maly Yan to operate the van nearby, and thereby created a dangerous roadway condition.

34.    Maly Yan continued to operate her vehicle near the tractor-trailer, and attempted to pass the tractor-trailer, and steered to her left.  The van careened off of the left edge of the road and over a median strip and rolled over several times, causing severe injuries to all of the occupants of the van, and killing Navy Yan and Oeurn Mam, Lang Khem and Lam Khem.

35.    Plaintiffs, Yan Thou, Chan Yan, Thuha Son, Chieu Thi Huynh and Oeurn Mam, filed a lawsuit for damages for personal injuries against Maly Yan in the Court of Common Pleas of Philadelphia County on June 11, 2003 captioned as Thou et al. v. Yan Docket No. 030601508.

6

See Plaintiffs complaint Attached as Exhibit B.[1]

36.    On January 14, 2005, trial commenced on the action against defendant Maly Yan before of the Honorable Sandra J. Moss, sitting without a jury.

37.    The trial was concluded on January 20, 2005, and a verdict in favor of all plaintiffs and against Maly Yan was entered in the total amount of $10,228,467.00.

38.    The individual Plaintiffs were awarded damages including wrongful death act damages and survival act damages as follows:

| | |
|---|---|
| Yan Thou | $ 2,245,779.00 |
| Oeurn Man-Wrongful Death | $ 717,492.00 |
| Survival | $ 1,000,000.00 |
| Total | $ 1,717,492.00 |
| Navy Yan-Wrongful Death | $ 1,694,295.00 |
| Survival | $ 1,000,000.00 |
| Total | $ 2,694,295.00 |
| Chan Yan | $ 2,023,073.00 |
| Thula Son | $ 1,047,828.00 |
| Chieu Thi Huynh | $ 500,000.00 |
| TOTAL | $ 10,228,467.00 |

39.    Maly Yan has executed an assignment of her full rights, , interests in, entitlement and claims against St. Paul Mercury Insurance Company and Pack and Process for indemnification, right to insurance coverage, contribution, bad faith and/or other remedies.

---

[1]The June 18, 2001 accident gave rise to several other lawsuits filed against Maly Yan and other defendants by both Maly Yan and other plaintiffs. Unchalee Vong, Et al v. Maly Yan ,et al., Kusti Leman, et al. v. Maly Yan, et al., Bay Thi Nguyun v. First Fleet Corp, et al., Zair Shah, et al. v. Maly Yan, et al.

7

See Maly Yan's Assignment of Rights Attached as Exhibit "C".

## COUNT I-DECLARATORY JUDGMENT

40.     Plaintiff incorporates by reference the above paragraphs as though same were set forth at length herein.

41.     At all times relevant hereto, Maly Yan was employed by Pack and Process to transport Pack and Process employees to and from the Pack and Process factory.

42.     At all time relevant hereto, the accident on June 18, 2001 occurred substantially within the authorized time and space limits designated and/or contemplated by Pack and Process to transport employees from the Pack and Process Factory.

43.     At all times relevant hereto, the acts performed by Maly Yan on June 18, 2001 were actuated by a purpose to serve Pack and Process by providing transportation to its employees.

44.     At all times relevant hereto, Maly Yan was acting in the course and scope of her employment/agency with Pack and Process. See Deposition Transcript of Maly Yan pp. 65, 66 Attached as Exhibit A.

45.     A dispute has arisen between all plaintiffs (not just plaintiffs involved in Yan Thou et. al. v. Maly Yan) and defendants as to whether Maly Yan was acting within the course and scope of her employment with Pack and Process while driving the plaintiffs home from work on June 18, 2001.

46.     An actual existing bona fide controversy exists between the plaintiffs and the

8

defendants as to their legal relations in respect to the aforesaid agreement and the respective rights of the parties named in this action can be determined in advance of a jury trial only by a declaratory judgment.

WHEREFORE, Plaintiffs, by and through their counsel, respectfully requests This Honorable Court to issue the following declarations:

1.    On June 18, 2001, Maly Yan was an agent/employee of Pack and Process and was acting in the course and scope of her employment with Pack and Process while transporting employees to and from the Pack and Process factory.

2.    Pack and Process is responsible to pay the entire judgment imposed upon Maly Yan in the matter of Yan Thou et.al. v. Maly Yan, June Term 2003 No.1503 (less payment from St. Paul, as the insurance carrier for Pack and process).

3.    St. Paul, as the insurance carrier for Pack and Process is responsible to pay for Maly Yan's actions in the matter of Yan Thou et.al. v. Maly Yan, June Term 2003 No.1503 in the amount of the verdict imposed upon Maly Yan, on January 20, 2005, up to and including their policy limits, for negligent acts performed by her while working as an agent/employee of Pack and Process on June 18, 2001.

4.    For such other and further relief as to this court may seem just and proper.


## COUNT II-INDEMNIFICATION

47.    Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth as length herein.

48.    At all times relevant hereto, St. Paul was the insurance carrier for Pack and

9

Process and provided coverage for damages sustained to third parties as a result of the conduct, actions and/or negligence of Pack and Process employees and/or agents while acting in the course and scope of their employment.

49.    The policy of insurance issued by St. Paul to Pack and Process [Policy No. CK03800708] was valid, binding and effective at the time of the injuries which forms the basis for the underlying suit.

50.    Upon information and belief, St. Paul's insurance contract with Pack and Process requires St. Paul to indemnify employees of Pack and Process for damaging negligent conduct or acts committed by employees within the course and scope of their employment.

51.    St. Paul is required to indemnify Maly Yan and pay damages to the plaintiffs in the case of Yan Thou et.al. v. Maly Yan, June Term 2003 No.1503.

52.    A dispute has arisen between all plaintiffs in the consolidated actions pending in the Superior Court of Pennsylvania, (not just plaintiffs involved in Yan Thou et. al. v. Maly Yan), and defendants as to whether Pack and Process and St. Paul, (as the insurance carrier for Pack and Process) are liable for damages arising from Maly Yan's negligence in the above referenced matter.

WHEREFORE, Plaintiffs, by and through their counsel, respectfully requests this Honorable Court order that St. Paul indemnify Pack and Process and Maly Yan; and that Pack and Process indemnify Maly Yan; that both St. Paul and Pack and Process must pay Yan thou, Individually and as Administrator of the estates of Ouern Mam, deceased and Navy Yan, deceased, Chan Yan, Thuha Son, Chieu Thi Huynh the total amount of the judgment in the matter of Thou et. al. v. Yan Docket No. 030601508.

10

Respectfully submitted,

KLINE & SPECTER,
A PROFESSIONAL CORPORATION,

By:    S/JONATHAN M. COHEN
       SHANIN SPECTER, ESQUIRE
       JONATHAN M. COHEN, ESQUIRE
       JOSHUA VAN NAARDEN, ESQUIRE
       Attorney for Plaintiffs
       1525 Locust Street
       The Nineteenth Floor
       Philadelphia, Pennsylvania 19102
       (215) 772-1000

Date: 2/22/05

S/ROBERT S. MILLER
Robert S. Miller, Esquire
WAPNER NEWMAN WIGRIZER & BRECHER
Attorney for Uchalee Vong, and Donkeo Phravichit

S/WARREN I. SIEGEL
Warren I. Siegel, Esquire
BERNHARDT & ROTHERMEL, PC
Attorney for Kusti Leman, Tjajah Chandra and Lani Chandra

S/RICHARD COSTIGAN
Richard Costigan, Esquire
COSTIGAN & COSTIGAN
Attorney for Zair Shah, Khan Gul, Salim Khan, Mohammad Kan

STEVEN DRANOFF
Steven Dranoff, Esquire
DRANOFF-PERSTEIN ASSOCIATES
Attorney for Soly Chan and Thorn Bum Khem

11

1

```
 1              IN THE COURT OF COMMON PLEAS

 2          PHILADELPHIA COUNTY, PENNSYLVANIA

 3                     - - -

 4     UNCHALEE VONG et al      :FEBRUARY TERM 03

 5          vs.                 :

 6     MALY YAN et al           :2882

 7                     - - -

 8              Oral deposition of

 9     Maly Yan, taken pursuant to Notice, held

10     at the law offices of Christie, Pabarue,

11     Mortensen & Young Services, 1880 JFK

12     Boulevard, 10th Floor, Philadelphia, PA,

13     on Wednesday, September 24, 2003, at

14     12:45 p.m., before John W. Begley, a

15     Federally Approved Registered

16     Professional Reporter - Notary Public in

17     and for the Commonwealth of Pennsylvania.

18                     - - -

19          ESQUIRE DEPOSITION SERVICES

20                 15th Floor

21        1880 John F. Kennedy Boulevard

22        Philadelphia, Pennsylvania 19103

23              215 - 988-9191

24
```

66

1    Q.   Prior to June 18, 2001 on
2   how many occasions had you driven the van
3   to or from Pack & Process?
4    A.   Like what do you mean? Can
5   you repeat that?
6    Q.   Well, let me ask you this:
7   When did you first begin driving the van?
8   In 2001 when did you first begin driving
9   the van to or from Pack & Process?
10    A.   In May.
11    Q.   And we are talking about May
12   of 2000, so a month before the accident,
13   roughly?
14    A.   Yes.
15    MR. HULLER: I'm sorry,
16   Rafael. That was 2001, I think
17   you meant to say --
18    MR. VILLALOBOS: 2001.
19    THE WITNESS: Yes.
20   BY MR. VILLALOBOS:
21    Q.   And why did you start
22   driving the van in May 2001?
23    A.   Because my father got his
24   license suspended.

67

1    Q.   Was your father customarily
2   the person who would drive that van?
3    A.   Yes.
4    Q.   And was your father paid by
5   someone to drive that van?
6    A.   Yes, Lam. Mr. Thatch.
7    Q.   And when you began to drive
8   the van in May 2001, a month or so before
9   the accident --
10    A.   Yes.
11    Q.   -- were you paid by anyone
12   to drive that van?
13    A.   I get paid from Pack &
14   Process and I also get paid from Mr. Lam.
15    Q.   Now, what were you paid by
16   Pack & Process for; for working as a
17   quality technician or were you paid by
18   Pack & Process to drive the van?
19    MR. URBAN: Objection to the
20   form of the question.
21    Go ahead.
22    THE WITNESS: As a person
23   working as a control.
24   BY MR. VILLALOBOS:

68

1    Q.   You were not paid by Pack &
2   Process to drive the van in May or June
3   of 2001?
4    MR. URBAN: Objection to the
5   form of the question.
6    THE INTERPRETER: I'm sorry.
7   I wasn't sure she understand the
8   question because the answer --
9    MR. MC NULTY: That's all
10   right. Just translate what she
11   said.
12    THE INTERPRETER: The answer
13   is I get paid from Mr. Thatch as a
14   transporter driving the van,
15   taking people to work there.
16   BY MR. VILLALOBOS:
17    Q.   So in May and June of 2001
18   Mr. Thatch was paying you to transport
19   workers between Philadelphia and
20   Wilmington?
21    A.   Yes.
22    Q.   Did anyone at Pack & Process
23   ever instruct you to drive a vehicle?
24    A.   My supervisor told me.

69

1    Q.   Your supervisor told you to
2   drive a vehicle?
3    A.   Yes, transferring people to
4   work and also working as an employee
5   there.
6    Q.   What supervisor was it that
7   told you to transport people to and from
8   work?
9    A.   Sterling.
10    Q.   Sterling Newsome?
11    A.   Yes.
12    Q.   And when was it that
13   Sterling Newsome told you to drive a van
14   to transport workers?
15    A.   After my father got his
16   license suspended.
17    Q.   Under what circumstances was
18   it that Sterling Newsome first came to
19   you and spoke to you about driving a
20   vehicle?
21    A.   Because he does not want my
22   father to leave the place and he does not
23   want to lose us from the company.
24    Q.   So what did Sterling Newsome

18 (Pages 66 to 69)

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

BY:    SHANIN SPECTER, ESQUIRE
       JONATHAN M. COHEN, ESQUIRE
Attorney I.D. Nos. 40928/69062
Attorneys for Plaintiffs
1525 Locust Street
The Nineteenth Floor
Philadelphia, Pennsylvania 19102
(215) 772-1000

| | | |
|---|---|---|
| YAN THOU, Individually and as | : | COURT OF COMMON PLEAS |
| Administrator of the Estates of Oeurn | : | PHILADELPHIA COUNTY |
| Mam, Deceased and Navy Yan, Deceased | : | |
| 2007 So. 9th Street | : | JUNE, 2003 |
| Philadelphia, Pennsylvania 19148 | : | |
| AND | : | NO. 001508 |
| CHAN YAN | : | JURY TRIAL DEMANDED |
| 2307 So. 9th Street | : | |
| Philadelphia, Pennsylvania 19148 | : | |
| AND | : | |
| THUA SON | : | |
| 534 Reed Street | : | |
| Philadelphia, PA 19148 | : | |
| AND | : | |
| CHIEU THI HUYNH | : | |
| 402 Tree Street | : | |
| Philadelphia, Pennsylvania 19148 | : | |

PRESENTED FOR REVIEW 2003 JUL 30 PH 2:33 PROPROTHY

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Referral Service
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6338

### ADVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte pueda decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Lawyer Referral Service
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6338

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

V.

MALY YAN
2007 South Ninth Street
Philadelphia, Pennsylvania 19148

        :
        :
        :
        :
        :

CIVIL ACTION - COMPLAINT (2. Personal Injury)
2v - MOTOR VEHICLE ACCIDENT

1.    Plaintiff, Yan Thou, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 2007 So. 9th Street, Philadelphia, Pennsylvania 19148.

2.    Plaintiff Yan Thou, is the husband of Oeurn Mam, Deceased and the duly appointed Administrator of the Estate of Oeurn Mam.  See copy of the Letters of Administration attached hereto at Exhibit "A."

3.    Prior to her death on June 18, 2001, Oeurn Mam was an adult and citizen of the Commonwealth of Pennsylvania, and was married to Plaintiff, Yan Thou, and resided with him at 2007 So. 9th Street, Philadelphia, Pennsylvania 19148.

4.    Plaintiff Yan Thou, is the father of Navy Yan, and the duly appointed Administrator of the Estate of Navy Yan, Deceased.  A copy of the Letters of Administration are attached hereto at Exhibit "B."

5.    Prior to his death on June 18, 2001, Navy Yan was a minor and the son of Plaintiff, Yan Thou, and Oeurn Mam, deceased, and resided with his parents at 2007 So. 9th Street, Philadelphia, Pennsylvania 19148.

2

KLINE & SPECTER
A PROFESSIONAL CORPORATION

6.      Plaintiff, Chan Yan, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2307 So. 9th Street, Philadelphia, Pennsylvania 19148.

7.      Plaintiff, Thuha Son, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 534 Reed Street, Philadelphia, Pennsylvania 19148.

8.      Plaintiff, Chieu Thi Huynh, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 402 Tree Street, Philadelphia, Pennsylvania 19148.

9.      Defendant Maly Yan ["Maly Yan"] is an adult individual with a residence at 2007 S. Ninth Street, Philadelphia, Pennsylvania and at all times relevant hereto, was acting within the course and scope of hemployment as a tractor-trailer driver for Motiva.

10.      First Fleet Corporation, d/b/a Motiva Enterprises, LLC, [hereinafter "Motiva"] is a corporation or other jural entity duly organized and existing under the laws of Delaware, with its principal place of business located at River Road and J Street, Delaware City, Delaware 19706, and at all times relevant hereto, was in the business of producing, selling, and distributing fuel oils and petroleum products, and maintained substantial, continuous and systematic business contacts with the Commonwealth of Pennsylvania and regularly conducted a substantial part of its regular business in the and City and County of Philadelphia.

3

KLINE & SPECTER
A PROFESSIONAL CORPORATION

11.    First Fleet Corporation, d/b/a Motiva Enterprises, LLC, [hereinafter "Motiva"] is a Texas corporation with a principle place of business at 1100 Louisiana Street, Houston, TX 77002.

12.    Motiva operates an oil refinery at 1812 River Road in Delaware City, Delaware 19706.

13.    Motiva mainstreams downstream operations for three oil giants; it was formed in 1998 to combine the eastern and southeastern U.S. refining and marketing businesses of Texaco, Shell Oil and Saudi Aramco.

14.    Motiva operates approximately 14,600 Shell and Texaco gasoline retail outlets in the United States and regularly conducts business in the City and County of Philadelphia, and the Commonwealth of Pennsylvania.

15.    Including the refinery in Delaware City, Delaware, Motiva operates three refineries on the Gulf Coast.  It has a total refining capacity of 850,000 barrels a day; estimated sales for the fiscal year 2000 were $19,446,000,000.00 with total assets of $6.5 billion.

16.    Pack and Process, Inc., ["Pack and Process"] is a corporation or other jural entity duly organized and existing under the laws of Delaware, with its principal place of business located at 3 Boulden Circle, New Castle, DE 19720, and a mailing address at P.O. Box 883, New Castle, DE 19720, and at all times relevant hereto, was in the business packaging food, pharmaceuticals, and other consumer items, and maintained substantial, continuous and systematic business contacts with the Commonwealth of

4

KLINE & SPECTER
A PROFESSIONAL CORPORATION

Pennsylvania and regularly conducted a substantial part of its regular business in the and City and County of Philadelphia.

17.    At all times relevant hereto, Pack and Process obtained contract laborers to work in its factory in New Castle, Delaware by employing a staffing agency to supply contract workers from Philadelphia, and by employing a driver to transport more than fifteen contract workers and passengers to the factory and back to Philadelphia in a fifteen passenger van.

18.    Lam Personnel Services, Inc., a/k/a Lam Staff, Inc. ["Lam"] is a corporation or other jural entity duly organized and existing under the laws of the Commonwealth of Pennsylvania with a registered address and principal place of business located at 620 E. Erie Avenue #6, Philadelphia, Pennsylvania, and at all times relevant hereto, was in the business of providing contract laborers to factories and businesses, including to Pack and Process, and regularly conducted a substantial part of its regular business in Philadelphia, Pennsylvania.

19.    On or about June 18, 2001, Charles Reistle, Sr., while acting within the course and scope of his employment with Motiva, was operating a tractor-trailer owned by Motiva with a vehicle identification number of 1XPGD09X5XD504161 ["tractor-trailer"] in a northbound direction on I-495 near Wilmington, Delaware, and toward Philadelphia, Pennsylvania.

20.    On or about June 18, 2001, plaintiff Yan Thou, and plaintiff's decedents, Oeurn Mam, and Navy Yan, along with plaintiffs Chan Yan, Thuha Son, and Chieu Thi Huynh were returning from work at Pack and Process and were passengers in a 1992

5

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

Dodge Ram Van, bearing Pennsylvania license plate No. DZK8292, traveling northbound on I-495 toward Philadelphia.

21.    At all times relevant hereto, the 1992 Dodge Ram van was owned and operated by Defendant Maly Yan, who acted as the agent of Pack and Process in transporting nineteen passengers in the van back and forth to the Pack and Process factory in New Castle, Delaware. Eighteen of the passengers, including Plaintiffs Yan Thou, Chan Yan, Thuha Son, Chieu Thi Huynh and Oeurn Mam, were contract workers supplied by Lam to work at Pack and Process, and were transported by Maly Yan, acting as the agent of Pack and Process, from their neighborhood in Philadelphia to work at the Pack and Process facility in New Castle, Delaware, and back again to Philadelphia at the end of the work day.

22.    While the 1992 Dodge van was traveling from Pack and Process to Philadelphia, Charles P. Reistle, Sr., ["Reistle"] was operating a 1999 Peterbuilt Tractor in the northbound lanes of I-495 in Delaware. The tractor-trailer bore Delaware license plate no. CL104430, and was/is owned by Motiva, and was carrying Motiva products for distribution, including 6000 gallons of gasoline and 2400 gallons of diesel fuel.

23.    At all times relevant hereto, Reistle was acting as an agent, workman, employee, contractor and/or subcontractor of Motiva, and was deemed to be an agent of Motiva by Federal Motor Carrier Regulations.

24.    At around 4:50 p.m. on June 18, 2001, Maly Yan attempted to drive the 1992 Dodge van past the Motiva tractor-trailer driven by defendant Reistle on northbound I-495 At this time, the van was carrying nineteen passengers.

6

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

25.    At about 3.4 miles north of Wilmington,  Reistle steered the tractor-trailer close to the van so as to make it unsafe for Maly Yan to operate the van nearby, and thereby created a dangerous roadway condition.

26.    Maly Yan continued to operate her vehicle near the tractor-trailer, and attempted to pass the tractor-trailer, and steered to her left.  The van careened off of the left edge of the road and over a median strip and rolled over several times, causing severe injuries to all of the occupants of the van, and killing Navy Yan, Oeurn Mam, Khem Lang, Mohammad Azim , and Lam Khem.

27    As a result of the wrongful, negligent and reckless acts and omission of defendant as set forth herein and as a result of the conduct previously plead in the actions of March Term, 2003, N0. 001293, Yan Thou, Oeurn Mam, Navy Yan, Chan Yan, Thuha Son, and Chieu Thi Huynh suffered catastrophic and traumatic injuries.  The injuries to Oeirn Mam and Navy Yan include, but are not limited to, the following:

    a.    orthopaedic injuries including bone fractures and breaks;

    b.    traumatic head and brain injuries;

    c.    injuries to the heart, lungs, and vasculature;

    d.    neurologic injury;

    e.    blood loss;

    f.    damages to tissues, organs, and skeleton; and

    g.    anoxic injury.

28.    As a direct and proximate result of the wrongful, negligent and reckless conduct of the defendant, Oeurn Mam and Navy Yan died.

7

KLINE & SPECTER
A PROFESSIONAL CORPORATION

29.    As a result of the wrongful, negligent and reckless acts and omissions of defendant as set forth herein, Yan Thou, Thuha Son, Chan Yan, Chieu Thi Huynh suffered catastrophic and traumatic injuries, including but not limited to:

      a.    orthopaedic injuries, including bone fractures and breaks;

      b.    head injuries;

      c.    injuries to heart, lungs and vasculature;

      d.    injuries to skin, tissues, organs, nerves and bones;

      e.    neurologic injury;

      f.    blood loss;

      g.    anoxic injury; and

      h.    psychological and emotional injuries and distress

30.    The injuries to Yan Thou, Thuha Son, Chan Yan, and Chieu Thi Huynh and injuries to and deaths of Oeurn Mam and Navy Yan, were caused exclusively by the conduct of the defendant, and not by any conduct on the part of the van's passengers.

31.    As a direct and proximate result of the wrongful conduct and negligence of defendant and the conduct previously plead in the actions pending at March Term, 2003, No. 001293, as set forth above, Oeurn Mam and Navy Yan, suffered the following additional damages:

      a.    pain and suffering;

      b.    mental anguish;

      c.    loss of earnings and earnings capacity;

      d.    loss of future earnings and future earnings capacity.

8

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

32.    As a direct and proximate result of the wrongful conduct and negligence of defendant as set forth above, Yan Thou, Thuha Son, Chieu Thi Huynh and Chan Yan suffered the following additional damages:

     a.    pain and suffering;

     b.    medical expenses;

     c.    mental anguish;

     d.    embarrassment;

     e.    disfigurement;

     f.    humiliation;

     g.    loss of life's pleasures;

     h.    loss of earnings and earnings capacity; and

     i.    loss of future earnings and future earning capacity.

## COUNT I
### Plaintiffs v. Defendant Maly Yan

34.    The allegations stated above are incorporated herein by reference as though fully set forth at length herein.

35.    The wrongful and negligent conduct of Maly Yan, consisted of, among other things, the following:

     a.    negligently directing and causing the van to be overloaded and unsafe on the roadway;

9

KLINE & SPECTER
A PROFESSIONAL CORPORATION

  b.  failure to institute and/or enforce policies and procedures regarding

    safe operation and maintenance of vehicles used in transporting

    workers;

  c.  negligence and wrongful conduct in causing her vehicle to come

    in contact with the tractor-trailor;

  d.  failure to operate her vehicle in a safe manner;

  l.  failure to have the vehicle under proper and adequate control;

  m.  failure to properly brake and steer the vehicle;

  n.  operating the van with overworn and/or unsafe tires;

  o.  failure to yield the right-of-way;

  p.  failure to keep a proper look-out;

  q.  failure to warn other motor vehicle operators of a known

    dangerous and hazardous condition;

  r.  creating a dangerous and hazardous roadway condition;

  s.  operating the vehicle in an inattentive manner;

  t.  failure to exercise reasonable care in the operation of the motor

    vehicle;

  u.  failure to afford the tractor-trailor's driver proper and sufficient

    notice and warning of the van's position and path of travel;

  v.  negligent operation of the vehicle;

  w.  failure to operate the motor vehicle in accordance with existing

    traffic conditions;

10

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

    x.    failure to abstain from operating a motor vehicle when

            contraindicated by lack of sleep and/or physical condition;

    y.    deciding to operate a motor vehicle while not properly rested or

            alert.

    z.    failure to use caution;

    (aa)    operating the motor vehicle without due regard to the rights, safety

            and position of the tractor-trailer;

    (bb)    failing to keep a proper lookout;

    (cc)    operating the motor vehicle without due regard to the traffic, use,

            width and purpose of the roadway;

    (dd)    negligence as a matter of law;

    (ee)    operating the vehicle in violation of the laws of the State of

            Delaware and Commonwealth of Pennsylvania and applicable

            local ordinances and regulations pertaining to the operation of a

            motor vehicle;

    (ff)    negligently operating the vehicle in disregard of the rules of the

            road;

    (gg)    failure to prevent the injuries to the occupants of the van;

    (hh)    failure to utilize a warning horn or alarm.

    (ii)    failure to operate the vehicle with regard to the rights and safety of

            others;

    (jj)    failure to be properly qualified as a van driver;

11

KLINE & SPECTER
A PROFESSIONAL CORPORATION

(kk)    failing to exercise due care under the circumstances.

### FIRST CAUSE OF ACTION
### WRONGFUL DEATH of Oeurn Mam
### Yan Thou, Administrator of The Estate Of Oeurn Mam, Deceased v. Maly Yan

37.    The allegations stated above are incorporated herein by reference as though fully set forth at length herein.

38.    Plaintiff's decedent, Oeurn Mam, left surviving beneficiaries under the Wrongful Death Act, 42 Pa.C.S.A. Sec. 8301.

> Yan Thou - Spouse
>
> Vanaak    - son
>
> Maly Yan - daughter
>
> Chan Yan - sister

39.    Plaintiff, Yan Thou, Administrator of the Estate of Oeurn Mam, Deceased, claims damages for pecuniary losses suffered by the aforementioned beneficiaries by reason of the decedent's death, as well as reimbursement for medical bills, funeral expenses, estate administration, and other expenses and damages recoverable under the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. Sec. 83011.

40.    As a result of the death of plaintiff's decedent, her survivors have been deprived of the earnings, maintenance, guidance, support and comfort they would have received from her for the rest of her nature life, and has suffered pecuniary losses under the Wrongful Death Act.

12

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

41.    Plaintiff claims under the Wrongful Death Act an amount to compensate the decedent's survivors for the losses of contribution between the time of her death and today and the amount the decedent would have contributed to the support of her survivors between today and the end of her life expectancy.

42.    Plaintiff claims under the Wrongful Death Act the monetary contribution which decedent would have contributed to her survivors for pecuniary value of the services, society and comfort for which would have been provide by her to them.

43.    Plaintiff further claims under the Wrongful Death Act all damages allowed under the law, including, but not limited to, damages under the category of administrator's expenses, support and services as defined under the laws of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff, Yan Thou, Administrator of the Estate of Oeurn Mam, Deceased, demands all damages recoverable under the Pennsylvania Wrongful Death Act against the defendant, jointly and severally with the defendants named in the actions pending at March Term, 2003, No. 001293, in an amount in excess of the local arbitration rules and in excess of $50,000.00, exclusive of delay damages, pre-judgment interest, post-judgment interest and costs.

## SECOND CAUSE OF ACTION
### SURVIVAL ACTION on behalf of Estate of Oeurn Mam
### <u>Yan Thou, Administrator of the Estate of Oeurn Mam, Deceased v. Maly Yan</u>

44.    The allegations stated above are incorporated herein by reference and made a part hereof as though same were set forth at length herein.

13

KLINE & SPECTER
A PROFESSIONAL CORPORATION

    45.    Plaintiff, Yan Thou, Administrator of the Estate of Oeurn Mam, Deceased, brings this survival action on behalf of the Estate of Oeurn Mam, Deceased under and by virtue of 42 Pa.C.S.A. Sec. 8302, and the applicable Rules of Civil Procedure and decisional law.

    46.    As a result of the acts and omissions of defendant, the negligence, carelessness and fault of defendant, as stated above, plaintiff's decedent, Oeurn Mam, was caused grave injuries, pain and suffering, and death resulting in the entitlement to damages by Oeurn Mam's survivors and Estate under the Survival Act.

    47.    On behalf of the Survival Act beneficiaries, plaintiff, Yan Thou, Administrator of the Estate of Oeurn Mam, deceased, claims loss of earnings and economic loss of the decedent's estate, including but not limited to, decedent's total estimated future earning power less her cost of personal maintenance as a result of decedent's death.

    48.    On behalf of the Survival Act beneficiaries, plaintiff, Yan Thou, Administrator of the Estate of Oeurn Mam, deceased, claim all loss of income, retirement and social security income as a result of decedent's death.

    49.    On behalf of the Survival Act beneficiaries, plaintiff, Yan Thou, Administrator of the Estate of Oeurn Mam, deceased, claim damages for the pain, suffering and inconvenience endured by the decedent prior to death, including, but not limited to, physical pain and suffering, and the fright and mental suffering attributed to the peril leading to decedent's death.

14

KLINE & SPECTER
A PROFESSIONAL CORPORATION

50.    On behalf of the Survival Act beneficiaries, plaintiff, Yan Thou,

Administrator of the Estate of Oeurn Mam, deceased, claim the full measure of damages

under the Survival Act and decisional law interpreting said act.

WHEREFORE, Yan Thou, Administrator of the Estate of Oeurn Mam, deceased,

demands all recoverable damages under the Pennsylvania Survival Act against the

defendant,  jointly and severally with the defendants named in the action pending at

March Term, 2003, No. 001293,  in an amount in excess of $50,000.00 and in excess of

prevailing arbitration limits, exclusive of pre-judgment interest, post-judgment interest

and costs.

### THIRD CAUSE OF ACTION
### WRONGFUL DEATH OF Navy Yan
### Yan Thou, Administrator of The Estate of Navy Yan, Deceased v. All Defendant

51.    The allegations stated above are incorporated herein by reference as

though fully set forth at length herein.

52.    Plaintiff's decedent, Navy Yan, left surviving beneficiaries under the

Wrongful Death Act, 42 Pa.C.S.A. Sec. 8301.

Yan Thou - Father

Vanaak  - Brother

Maly Yan - Sister

53.    Plaintiff, Yan Thou, Administrator of the Estate of  Navy Yan, Deceased,

claims damages for pecuniary losses suffered by the aforementioned beneficiaries by

reason of the decedent's death, as well as reimbursement for medical bills, funeral

15

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

expenses, estate administration, and other expenses and damages recoverable under the

Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. Sec. 83011.

54.    As a result of the death of plaintiff's decedent, his survivors have been

deprived of the earnings, maintenance, guidance, support and comfort they would have

received from him for the rest of his natural life, and has suffered pecuniary losses under

the Wrongful Death Act.

55.    Plaintiffs claim under the Wrongful Death Act an amount to compensate

the decedent's survivors for the losses of contribution between the time of his death and

today and the amount the decedent would have contributed to the support of his

survivors between today and the end of his life expectancy.

56.    Plaintiffs claim under the Wrongful Death Act the monetary contribution

which decedent would have contributed to his survivors for pecuniary value of the

services, society and comfort for which would have been provide by him to them.

57.    Plaintiffs further claim under the Wrongful Death Act all damages,

allowed under the law, including , but not limited to, damages under the category of

administrator's expenses, support and services as defined under the laws of the

Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff, Yan Thou, Administrator of the Estate of Navy Yan

Deceased, demands all damages recoverable under the Pennsylvania Wrongful Death Act

against the defendant, jointly and severally, with the defendants named in the action

pending in an amount in excess of the local arbitration rules and in excess of $50,000.00,

exclusive of delay damages, pre-judgment interest, post-judgment interest and costs.

16

KLINE & SPECTER
A PROFESSIONAL CORPORATION

## FOURTH CAUSE OF ACTION
### SURVIVAL ACTION on behalf of Estate of Navy Yan
Yan Thou, Administrator of the Estate of Navy Yan, Deceased v. All Defendant

58.    The allegations stated above are incorporated herein by reference and made a part hereof as though same were set forth at length herein.

59.    Plaintiff, Yan Thou, Administrator of the Estate of Navy Yan, Deceased, brings this survival action on behalf of the Estate of Navy Yan, Deceased under and by virtue of 42 Pa.C.S.A. Sec. 8302, and the applicable Rules of Civil Procedure and decisional law.

60.    As a result of the acts and omissions of defendant, the negligence, carelessness and fault of defendant, as stated above, plaintiff's decedent, Navy Yan was caused grave injuries, pain and suffering, and death resulting in the entitlement to damages by Navy Yan's survivors and Estate under the Survival Act.

61.    On behalf of the Survival Act beneficiaries, plaintiff, Yan Thou, Administrator of the Estate of Navy Yan, deceased, claims loss of earnings and economic loss of the decedent's estate, including but not limited to, decedent's total estimated future earning power less his cost of personal maintenance as a result of decedent's death.

62.    On behalf of the Survival Act beneficiaries, plaintiff, Yan Thou, Administrator of the Estate of Navy Yan, deceased, claim all loss of income, retirement and social security income as a result of decedent's death.

63.    On behalf of the Survival Act beneficiaries, plaintiff, Yan Thou, Administrator of the Estate of Navy Yan, deceased, claim damages for the pain, suffering

17

KLINE & SPECTER
A PROFESSIONAL CORPORATION

and inconvenience endured by the decedent prior to death, including, but not limited to,

physical pain and suffering, and the fright and mental suffering attributed to the peril

leading to decedent's death.

64.     On behalf of the Survival Act beneficiaries, plaintiff, Yan Thou,

Administrator of the Estate of Navy Yan, deceased, claim the full measure of damages

under the Survival Act and decisional law interpreting said act.

WHEREFORE, Yan Thou, Administrator of the Estate of Navy Yan, deceased,

demands all recoverable damages under the Pennsylvania Survival Act against the

defendant, jointly and severally, with the defendants named in the action pending in

March Term, 2003, No. 001293, in an amount in excess of $50,000.00 and in excess of

prevailing arbitration limits, exclusive of pre-judgment interest, post-judgment interest

and costs.

### FIFTH CAUSE OF ACTION
### Yan Thou, Thuha Son and Chan Yan v. Maly Yan

64.     The allegations stated above are incorporated herein by reference and

made a part hereof.

65.     As a direct and proximate result of the negligence and wrongful conduct

of the defendant as set forth above and the defendants as previously plead in the action

pending at March Term 2003, No. 001293, Yan Thou, Thuha Son, Chan Yan, and Chieu

Thi Huynh suffered injuries and damages as set forth above, including physical and

mental injuries as set forth above, and psychological and emotional distress, trauma and

18

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

injuries as a result of witnessing the injuries to each other, and injuries to and deaths of

Oeurn Mam, Navy Yan, Khem Lang, Mohammad Azim , and Lam Khem. .

WHEREFORE, Plaintiffs Yan Thou, Thuha Son, Chieu Thi Huynh, and Chan

Yan each demand all recoverable damages against defendant jointly and severally, in an

amount in excess of $50,000.00 and in excess of delay damages, pre-judgment interest,

post-judgment interest and costs.

KLINE & SPECTER,
A Professional Corporation

SHANIN SPECTER, ESQUIRE
Attorney I.D. No. 20849
JONATHAN M. COHEN, ESQUIRE
Attorney I.D. No. 69062
Attorneys for Plaintiffs

Date: 7-30-05

19

**KLINE & SPECTER**
A PROFESSIONAL CORPORATION

## VERIFICATION

I, JONATHAN M. COHEN, of Kline & Specter, P.C. , as counsel for the plaintiffs, Yan Thou,

Individually and as Administrator of the Estates of Oeurn Mam, Deceased and Navy Yan Deceased,

Chan Yan, Thua Son, Chieu Thi Huynh, hereby verify pursuant to Pa.R.Civ.P. 1024(C) that the

statements made in the foregoing Civil Action Complaint are true and correct, to the best of my

knowledge, information and belief, which is based upon, among other things, my review of the police

report of the subject accident and my communication with our clients and with other plaintiffs' counsel

in companion actions. Our clients, Yan Thou, Individually and as Administrator of the Estates of Oeurn

Mam, Deceased and Navy Yan Deceased, Chan Yan, Thua Son, Chieu Thi Huynh, are presently outside

the jurisdiction of the Court and their verifications cannot be obtained within the time allowed for filing

the foregoing Amended Complaint, or by July 30, 2003.  I understand that false statements herein are

made subject to the penalties of 18  Pa.C.S. §4904 relating to unsworn falsification to authorities.

JONATHAN M. COHEN

FEB-22-2005 TUE 12:57 PM                    FAX NO.                              P. 02

## ASSIGNMENT OF RIGHTS

I, Maly Yan, acknowledge that on January 20, 2005, Judge Sandra Moss found me

liable for damages in the action of Thou et al. v. Yan Docket No. 030601508, in the total

amount of $10,228,467.00 Dollars as a result of my actions surrounding an accident that

occurred on June 18, 2001.

It is understood and agreed that Maly Yan hereby assigns to Yan Thou,

Individually, and as Administrator of the Estates of Ouern Man and Navy Yan, Chan

Thou, Thula Son and Chieu Thi Huynh, her full rights, interest in, entitlement and claims

against the St. Paul Company a/k/a St. Paul Travelers, and Pack and Process, Inc.,

including, without limitation, the right to file and pursue claims against St. Paul and Pack

and Process for indemnification, right to insurance coverage, declaratory judgment,

contribution, bad faith and/or other remedies that Maly Yan otherwise may have or may

obtain arising out of, among other things, St. Paul and Pack and Process' obligations to

Maly Yan under its insurance agreements and/or policies of insurance issued by St. Paul

and/or any other insurance carrier, and/or St. Paul and Pack and Process' conduct during

the negotiations in this legal action, Maly Yan agrees to cooperate with the investigation

and pursuit of those claims.

It is further understood and agreed that there are no written or oral understandings

or agreements, directly or indirectly, connected with this assignment that are not

incorporated herein. This agreement shall be binding upon and inure to the successors,

assigns, heirs, executors, administrators, and legal representatives of the respective parties