

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YAN THOU, Individually and as Administrator of the Estates of Oeurn Mam, Deceased and Navy Yan, Deceased et al., <br>         Plaintiffs | CIVIL ACTION <br><br> NO.: 05-832 |
| VS. | JURY TRIAL DEMANDED |
| PACK & PROCESS, INC. <br><br> AND <br> ST. PAUL MERCURY INSURANCE COMPANY <br>         Defendants | *ECF DOCUMENT* <br> I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the Eastern District of Pennsylvania. <br> Date Filed: 3/30/05 <br> Michael E. Kunz, Clerk <br> By: Christine Newman, Clerk |

**PLAINTIFFS' RESPONSE TO DEFENDANTS ST. PAUL MERCURY INSURANCE COMPANY AND PACK AND PROCESS, INC. MOTION TO DISMISS**

Plaintiffs, by and through their counsel, Shanin Specter, Esquire, Jonathan M. Cohen, Esquire and Joshua Van Naarden, Esquire of Kline & Specter, P.C., Robert S. Miller, Esquire of Wapner Newman Wigrizer & Brecher, Warren I. Siegel, Esquire of Bernhardt & Rothermel, P.C., Richard Costigan, Esquire of Costigan & Costigan and Steve Dranoff, Equire of Dranoff-Perstein Associates hereby files this response to Defendants St. Paul Mercury Insurance Company ("St. Paul") and Pack and Process, Inc. ("Pack and Process") Motion to Dismiss and in support thereof aver the following:

1-2.    Denied. Plaintiffs' Indemnification and Declaratory Judgment Complaint, filed February 23, 2005, is in writing and speaks for itself. See Plaintiffs' Indemnification and Declaratory Judgment Complaint attached hereto as Exhibit "A." By way of further response Plaintiffs' have filed an Amended Complaint in the Eastern District of Pennsylvania

05 - 513

RECEIVED
JUL 21 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

contemporaneously with this response that includes an additional request for a declaration that Maly Yan was performing a duty related to the conduct of Pack and Process's business while transporting employees to and from the Pack and Process factory. See Plaintiffs' Amended Indemnification and Declaratory Judgment Complaint attached hereto as Exhibit "B."

3. Denied. St. Paul's Declaratory Judgment Complaint, filed on January 14, 2005 in the United States District of Delaware, and St. Paul's Amended Complaint filed on March 16, 2005, are both in writing and speaks for themselves. See St. Paul's Declaratory Judgment Complaint and Amended Complaint attached as Exhibit "C."

4. Denied. It is specifically denied that the Delaware action and the Pennsylvania Action seek determination of the same ultimate issues. By way of further response the Pennsylvania action filed by Plaintiff's includes all necessary and indispensable parties as is required by Federal Rule of Civil Procedure 19 and 28 U.S.C. § 2201 while the Delaware action filed by St. Paul is deficient for failure to join any of the van passengers that are parties to the underlying personal injury suit. See Defendant Yan's Motion to Dismiss filed in Response to St. Paul's Delaware action, attached hereto as Exhibit "D." Furthermore St. Paul's Delaware complaints are (1) one count complaints that merely ask for a declaration that St. Paul has no obligation under their insurance policy to provide indemnity to any party in connection with the underlying tort actions, and that Maly Yan was not acting in the course and scope of her employment with Pack and Process at the time of the accident. See St. Paul's Declaratory Judgment Complaint and Amended Complaint attached as Exhibit "C." Plaintiffs' Amended complaint is a (2) two count complaint, asking for not only (5) different declarations but additionally requesting a judgment as to St. Paul's obligation to indemnify Pack and Process and

2

Maly Yan; and that Pack and Process indemnify Maly Yan; that both St. Paul and Pack and Process must pay Yan thou, Individually and as Administrator of the estates of Ouern Mam, deceased and Navy Yan, deceased, Chan Yan, Thuha Son, Chieu Thi Huynh the total amount of the judgment in the matter of Thou et al. v. Yan Docket No. 030601508. See Plaintiffs' Amended Indemnification and Declaratory Judgment Complaint attached hereto as Exhibit "B."

    5.    Denied. It is specifically denied that this action should be dismissed pursuant to the First-Filed Rule. The seminal case in this Circuit is E.E.O.C. v. University of Pennsylvania, 850 F.2d 969 (3rd Cir. 1988). The Third Circuit held that the first-filed rule is applicable to "proceedings involving the same parties and the same issues already before another district court." Id. at 971. In this case, the parties and issues differ from the parties and issues in the Delaware action, thereby precluding application of the first-to-file rule. Furthermore, St. Paul only filed their Delaware action in anticipation of Plaintiffs filing suit in Pennsylvania after Plaintiffs' counsel discussed their intention to file a Declaratory Judgment action in Pennsylvania. See Affidavit of Jonathan M. Cohen attorney for Plaintiffs attached hereto as Exhibit "E." As the Third Circuit recognized in EEOC, "bad faith" and "institut[ing] suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum" has long been a basis upon which Courts will decline to apply the first-filed rule. Id. at 976.

    6.    Denied. It is specifically denied that the Pennsylvania Action should be transferred to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404 (a). St. Paul only filed their Delaware action in anticipation of Plaintiffs filing suit in Pennsylvania after Plaintiffs' counsel discussed their intention to file a Declaratory Judgment action in Pennsylvania. See Affidavit of Jonathan M. Cohen attorney for Plaintiffs attached hereto as

Exhibit "E." As the Third Circuit recognized in EEOC, "bad faith" and "institut[ing] suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum" has long been a basis upon which Courts will decline to apply the first-filed rule. Id. at 976.

    7-8.    No response is required.

    9.    In support of this Response Plaintiffs incorporate by reference the attached brief.

Respectfully submitted,

**KLINE & SPECTER,**
**A PROFESSIONAL CORPORATION,**

By:    **S/JONATHAN M. COHEN- JC593**
**SHANIN SPECTER, ESQUIRE**
**JONATHAN M. COHEN, ESQUIRE**
**JOSHUA VAN NAARDEN, ESQUIRE**
**Attorney for Plaintiffs**
**1525 Locust Street**
**The Nineteenth Floor**    Date:
**Philadelphia, Pennsylvania 19102**
**(215) 772-1000**

3/30/05

S/ROBERT S. MILLER
Robert S. Miller, Esquire
**WAPNER NEWMAN WIGRIZER & BRECHER**
Attorney for Uchalee Vong, and Donkeo Phravichit

S/WARREN I. SIEGEL
Warren I. Siegel, Esquire
**BERNHARDT & ROTHERMEL, PC**
Attorney for Kusti Leman, Tjajah Chandra and Lani Chandra

S/RICHARD COSTIGAN
Richard Costigan, Esquire
**COSTIGAN & COSTIGAN**
Attorney for Zair Shah, Khan Gul, Salim Khan, Mohammad Kan

STEVEN DRANOFF
Steven Dranoff, Esquire
**DRANOFF-PERSTEIN ASSOCIATES**
Attorney for Soly Chan and Thorn Bum Khem

4

5