IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YAN THOU, Individually and as Administrator of the Estates of Oeurn Mam, Deceased and Navy Yan, Deceased et al., <br> **Plaintiffs** | CIVIL ACTION <br><br> NO.: 05-832 |
| VS. | JURY TRIAL DEMANDED |
| PACK & PROCESS, INC. <br><br> AND <br> ST. PAUL MERCURY INSURANCE COMPANY <br> **Defendants** | |

**BRIEF IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS ST. PAUL MERCURY INSURANCE COMPANY AND PACK AND PROCESS, INC. MOTION TO DISMISS**

Plaintiffs, by and through their counsel, Shanin Specter, Esquire, Jonathan M. Cohen, Esquire and Joshua Van Naarden, Esquire of Kline & Specter, P.C., Robert S. Miller, Esquire of Wapner Newman Wigrizer & Brecher, Warren I. Siegel, Esquire of Bernhardt & Rothermel, P.C.,Richard Costigan, Esquire of Costigan & Costigan and Steve Dranoff, Esquire of Dranoff-Perstein Associates hereby files this response to Defendants St. Paul Mercury Insurance Company ("St. Paul") and Pack and Process, Inc. ("Pack and Process") Motion to Dismiss and in support thereof aver the following:

**I.    NATURE AND STAGE OF THE PROCEEDINGS**

On February 23, 2005, Plaintiffs filed an Indemnification and Declaratory Judgment Complaint in the United States District Court for the Eastern District of Pennsylvania. See Plaintiffs' Indemnification and Declaratory Judgment Complaint attached hereto as Exhibit "A."

Plaintiffs' have also filed an Amended Complaint in the United States District Court for the Eastern District of Pennsylvania contemporaneously with this response that includes an additional request for a declaration that Maly Yan was performing a duty related to the conduct of Pack and Process's business while transporting employees to and from the Pack and Process factory. See Plaintiffs' Amended Indemnification and Declaratory Judgment Complaint attached hereto as Exhibit "B." Plaintiffs' Amended Complaint is a (2) two count complaint, asking for not only (5) different declarations but additionally requesting a judgment as to St. Paul's obligation to indemnify Pack and Process and Maly Yan; and that Pack and Process indemnify Maly Yan; that both St. Paul and Pack and Process must pay Yan Thou, Individually and as Administrator of the estates of Ouern Mam, deceased and Navy Yan, deceased, Chan Yan, Thuha Son, Chieu Thi Huynh the total amount of the judgment in the matter of Thou et al. v. Yan Docket No. 030601508. See Plaintiffs' Amended Indemnification and Declaratory Judgment Complaint attached hereto as Exhibit "B."

On January 14, 2005, St. Paul filed a Complaint for Declaratory Judgment in the United States District Court for the District of Delaware in anticipation of Plaintiffs filing suit in Pennsylvania after Plaintiffs' counsel discussed their intention to file a Declaratory Judgment action in Pennsylvania. See Affidavit of Jonathan M. Cohen attorney for Plaintiffs attached hereto as Exhibit "C." The Pennsylvania action filed by Plaintiff's includes all necessary and indispensable parties as is required by Federal Rule of Civil Procedure 19 and 28 U.S.C. § 2201 while the Delaware action filed by St. Paul is deficient for failure to join any of the van passengers that are parties to the underlying personal injury suit. See Defendant Yan's Motion to Dismiss filed in Response to St. Paul's Delaware action, attached hereto as Exhibit "D."

2

St. Paul's Delaware Complaint and Amended Complaint are (1) one count complaints that merely ask for a declaration that St. Paul has no obligation under their insurance policy to provide indemnity to any party in connection with the underlying tort actions, and that Maly Yan was not acting in the course and scope of her employment with Pack and Process at the time of the accident.  See St. Paul's Declaratory Judgment Complaint and Amended Complaint attached as Exhibit "E."  Plaintiffs' Amended complaint is a (2) two count complaint, asking for not only (5) different declarations but additionally requesting a judgment as to St. Paul's obligation to indemnify Pack and Process and Maly Yan; and that Pack and Process indemnify Maly Yan; that both St. Paul and Pack and Process must pay Yan thou, Individually and as Administrator of the estates of Ouern Mam, deceased and Navy Yan, deceased, Chan Yan, Thuha Son, Chieu Thi Huynh the total amount of the judgment in the matter of Thou et al. v. Yan Docket No. 030601508.  See Plaintiffs' Amended Indemnification and Declaratory Judgment Complaint attached hereto as Exhibit "B."

On March 16, 2005, St. Paul sought to remedy their failure to join all necessary and indispensable parties by filing an Amended Complaint to the Delaware action, in response to a Motion to Dismiss for failure to join indispensable parties pursuant to Federal Rule of Civil Procedure 19.  See Defendant Yan's Motion to Dismiss filed in Response to St. Paul's Delaware action, attached hereto as Exhibit "D."  St. Paul's Amended Complaint to the Delaware action is still deficient for failure to join any of the injured van passengers who are Plaintiffs to the underlying personal injury suit.  On March 17, 2005, St. Paul filed the instant Motion requesting that this, properly initiated, Pennsylvania action be dismissed or, in the alternative, transferred to the United States District Court for the District of Delaware.

3

## II.   FACTUAL BACKGROUND

On or about June 18, 2001, Yan Thou, Oeurn Mam, Navy Yan, Chan Yan, Thuha Son, Chieu Thi Huynh, Bay Thi Nguyen, Uchalee Vong, Donkeo Phravichit, Kusti Leman, Lani Chandra, Zair Shah, Khan Gul, Mohammed Azim, Lang Khem and Lam Khem were returning from work at Pack and Process and were passengers in a 1992 Dodge Ram Van, bearing Pennsylvania license plate No. DZK8292, traveling northbound on I-495 toward Philadelphia. The 1992 Dodge Ram van was owned and operated by Maly Yan, who, twice under oath, admitted to acting as the agent of defendant Pack and Process in transporting nineteen passengers in the van back and forth to the Pack and Process factory in New Castle, Delaware. Eighteen of the passengers were contract workers supplied by Lam to work at Pack and Process, and were transported by Maly Yan, acting as the agent of Pack and Process, from their neighborhood in Philadelphia to work at the Pack and Process facility in New Castle, Delaware, and back again to Philadelphia at the end of the work day.

At around 4:50 p.m. on June 18, 2001, Maly Yan attempted to drive the 1992 Dodge van past a Motiva tractor-trailer driven on northbound I-495. At this time, the 15 passenger van was carrying nineteen passengers.[1]  At about 3.4 miles north of Wilmington, the operator of the tractor trailer steered the tractor-trailer close to the van so as to make it unsafe for Maly Yan to operate the van nearby, and thereby created a dangerous roadway condition. Maly Yan also negligently lost control of the van and swerved into the tractor-trailer. The van careened off of

---

[1] The van was dangerously overloaded because of the acts and omissions of Pack and Process. Plaintiffs' Complaint ¶ 39(h). This is the basis for direct (non-vicarious) claims of Pack and Process's liability for damages that were brought by the injured plaintiffs and decedents' estates. Plaintiffs' Complaint Count III.

4

the left edge of the road and over a median strip and rolled over several times, causing severe injuries to all of the occupants of the van, and killing Navy Yan, Oeurn Mam, Mohammed Azim, Lang Khem and Lam Khem. Yan Thou, Individually and as the Administrator of the Estates of Oeurn Mam and Navy Yan and Chan Yan, Thuha Son, Chieu Thi Huynh filed a lawsuit for damages for personal injuries against Maly Yan in the Court of Common Pleas of Philadelphia County on June 11, 2003 captioned as Thou et al. v. Yan Docket No. 030601508. See Plaintiffs complaint Attached as Exhibit "A."[2]

In addition to above action filed against Maly Yan, the fatal June 18, 2001 accident gave rise to several other lawsuits filed against Maly Yan and other defendants by both Maly Yan and other plaintiffs. To date, there are five (5) other cases which have been filed on behalf of persons injured in this accident. All of these cases contain allegations that Maly Yan was working in the course and scope of her employment with Pack and Process at the time of the accident. These cases were consolidated for all purposes with the Yan Thou case by Order of court[3] dated February 21, 2003. That entire consolidated action is currently on appeal to the Pennsylvania Superior Court, which is to decide whether the action was properly dismissed by the trial court on grounds of *forum non conveniens*. Ultimately, those cases will be tried to a jury (in either Pennsylvania or Delaware), which will necessarily decide the factual issues of Maly Yan's agency, course and scope, and who had a right of her control.

Only on one action filed against only, Maly Yan, was never consolidated and proceeded

---

[2] The June 18, 2001 accident gave rise to several other lawsuits filed against Maly Yan and other defendants by both Maly Yan and other plaintiffs.

[3] Unchalee Vong, Et al v. Maly Yan, et al., Kusti Leman, et al. v. Maly Yan, et al., Bay Thi Nguyun v. First Fleet Corp, et al., Zair Shah, et al. v. Maly Yan, et al.

5

to trial on January 14, 2005, against only defendant Maly Yan before the Honorable Sandra J. Moss, sitting without a jury.[4] The trial was concluded on January 20, 2005, and a verdict in favor of all plaintiffs and against Maly Yan was entered in the total amount of $10,228,467.00. The disposition of that one action (which does not include all plaintiffs-who have a right to a jury trial on all issues, including Maly Yan's agency-or all defendants) gave rise to the instant declaratory judgment action, which was filed only by the insurer for Pack and Process, and which names only Maly Yan as a defendant.

### III.  ARGUMENT

#### A.  This Pennsylvania Action Should not Be Dismissed Pursuant to the "First Filed" Rule Since the Parties and Issues Materially Differ from the Parties and Issues in the Delaware Action

##### 1.  First-Filed Rule

In the seminal case of E.E.O.C. v. University of Pennsylvania, 850 F.2d 969 (3rd Cir. 1988), the Third Circuit held that the first-filed rule is applicable to "proceedings involving the same parties and the same issues already before another district court." Id. at 971. In this case, the parties and issues differ from the parties and issues in the Delaware action, thereby precluding mechanical application of the "first-to-file" rule.

District courts have consistently followed the E.E.O.C. requirement that the parties and issues be the same before applying the first-filed rule. E.E.O.C. v. University of Pennsylvania, 850 F.2d 969 (3rd Cir. 1988). Furthermore, courts have consistently recognized that this rule is not a rigid or inflexible rule to be mechanically applied. Id. at 977.

---

[4] Counsel for Pack and Process was given notice of this trial in Pennsylvania, but declined to intervene or participate; choosing instead to sit in the public gallery during the proceedings.

### a. The Parties to this Action are not the Same as the Parties in the Delaware Action

Even a cursory review of the parties involved in the Pennsylvania action and Delaware action reveals important differences. Thou Yan, Ouern Mam, deceased, Navy Yan, deceased, Thula Son, Chan Yan, Chieu Thi Huynh, Bay Thi Nguyen, Uchalee Vong, Donkeo Phravichit, Kusti Leman, Lani Chandra, Zair Shah, Khan Gul, Mohammed Azim, deceased, Lang Khem, deceased and Lam Khem, deceased were all passengers in the van driven by Maly Yan and actions on their behalf are currently in suit. A declaration as to whether or not Maly Yan was acting within the course and scope of her employment when the accident occurred will likely determine whether all of the injured parties can recover from Pack and Process (and its insurance carrier) for the vicarious liability for Maly Yan's conduct. Thus, all passengers and their estates (who are seeking to recover from the same policy limits and pool of assets, and therefore have divergent interests) have a vital interest in the outcome of this of this Declaratory Judgment Action, and have a right to protect their divergent interests in the determination of the issues presented in this Declaratory Judgment action.

Indeed, in St. Paul's Brief in Support of their Motion to Dismiss they admit that, "the Pennsylvania Action contains more parties." See St. Paul's Brief in Support of the Motion to Dismiss, pg. 7, attached hereto as Exhibit "E." However, St. Paul argues, contrary to the settled laws of this Circuit, that the injured parties in the underlying tort action are not necessary and therefore it does not matter that they failed to join them. This is argument is without merit; courts in Pennsylvania have held consistently to the contrary. In an action by an insurer against the insured for a declaration of non-liability under a policy, the injured part[ies] [are] considered

7

necessary and properly parties because the injured party has a material interest in the outcome of the suit. United States Fidelity and Gauranty Co. v. Ditoro, 206 F. Supp. 528 (M.D.Pa. 1962).

Despite their crucial interests in this action, the injured Plaintiff passengers in the underlying tort case are not listed as parties to the Delaware action. The properly filed Pennsylvania action includes the additional (16) sixteen van passengers who have a unique interest in this Pennsylvania action.[5] Therefore the parties in the Pennsylvania action are distinct and different from the parties in the Delaware action and the first-filed rule does not apply.

### b.   The Issues in this Action are not the Same as the Issues in the Delaware Action

The Pennsylvania action contains issues that are independent and different from the issues in the Delaware action. St. Paul's Delaware complaint is a one count complaint that merely asks for a declaration that St. Paul has no obligation under their insurance policy to provide indemnity to any party in connection with the underlying tort actions, and that Maly Yan was not acting in the course and scope of her employment with Pack and Process at the time of the accident. See St. Paul's Declaratory Judgment Complaint and Amended Complaint attached as Exhibit "C." Plaintiffs' Amended complaint is a two count complaint, asking for not only (5) different declarations, and requests declarations as to all injured van passengers, but additionally requests a judgment as to St. Paul's obligation to indemnify Pack and Process and Maly Yan; and that Pack and Process indemnify Maly Yan; that both St. Paul and Pack and Process must pay Yan thou, Individually and as Administrator of the estates of Ouern Mam, deceased and Navy Yan, deceased, Chan Yan, Thuha Son, Chieu Thi Huynh the total amount of the judgment in the

---

[5]The passengers are represented by separate counsel. See Certificate of Service.

8

matter of Thou et al. v. Yan Docket No. 030601508. See Plaintiffs' Amended Indemnification and Declaratory Judgment Complaint attached hereto as Exhibit "B."[6]

### 3. St. Paul Filed the Delaware action in Anticipation of Plaintiffs Imminent Suit and Cannot Avail Themselves of the First-Filed Rule or 28 U.S.C. § 1404(a)

As the Third Circuit recognized in EEOC, "bad faith" and "insitut[ing] suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum, has long been a basis upon which Courts will decline to apply the first filed rule. Id. at 976. Therefore, the first filed rule does not apply "where the declaratory judgment action was filed in anticipation of another's action for damages." Consolidated Rail Corp. v. Grand Trunk W. R.R. Co., 592 F. Supp. 562, 568 (E.D. Pa. 1984). That is precisely what occurred here. St. Paul only filed their Delaware action after Plaintiffs' counsel revealed their intention to file a Declaratory Judgment action in Pennsylvania. See Affidavit of Jonathan M. Cohen attorney for Plaintiffs attached

---

[6] St. Paul seeks to dilute the first-filed rule by lamely suggesting that the parties and issues need only be "closely related." St. Paul's position is inconsistent with the law of this Circuit as well as with the holdings of the cases that St. Paul cites, such as the World War II case of Triangle Conduit & Cable Co. v. National Electric Products Corp, 125 F.2d 1008, 1009 (3rd Cir. 1942). There are substantial differences between the facts of the Triangle case and those of the case at bar. In the Triangle case, a Delaware action for a declaratory judgment embraced all the issues which were or became the subject matter of any suit. Id. Indeed, as outlined above, the issues presented in the Pennsylvania action are distinct and different from the issues presented in the Delaware action. In Triangle, the Court held in favor of the matter filed first because there were no allegations of bad faith or a race to the court. More recently, E.E.O.C. v. University of Pennsylvania, 850 F.2d 969 (3rd Cir.1988) discussed the Triangle decision and determined, [that it] is not a mandate directing wooden application of the rule without regard to the rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping. Here, unlike in Triangle, St. Paul engaged in a race to the Court and acted in bad faith, thereby making the analysis in Triangle inapplicable to the present case. Furthermore, there cannot be personal jurisdiction over the van passengers in the Delaware action under 10 Del. C. 3104(c)(1-6). In order for this Court to exercise jurisdiction under Subsections (c)(1), some acts performed in an individual capacity must actually occur in Delaware. As such, the requirements for personal jurisdiction under the Delaware Long Arm Statute cannot be satisfied and accordingly the Pennsylvania action would have to be litigated in order to ensure that all the interested and indispensable parties are represented as named parties.

9

hereto as Exhibit "E." This "race to the courthouse" is precisely the type of "misuse of the Declaratory Judgment Act to gain procedural advantage and preempt the forum choice of the plaintiff in the coercive action" that is condemned by courts, and precludes use of the first-filed rule. See Consolidated Rail, Supra. St. Paul's blatant attempt to start and win a "race to the courthouse" should preclude them from manipulating a transfer to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404 (a). Furthermore, this properly filed Pennsylvania action cannot be brought in the United States District Court for the District of Delaware because, as explained above, the van passengers are necessary and indispensable parties that cannot be joined in Delaware due to a lack of personal jurisdiction.

### IV.   CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that Defendants St. Paul and Pack and Process' Motion to Dismiss or have this action transferred to the United States District Court for the District of Delaware is denied.

Respectfully submitted,

**KLINE & SPECTER,**
**A PROFESSIONAL CORPORATION,**

By:   **S/JONATHAN M. COHEN- JC593**
**SHANIN SPECTER, ESQUIRE**
**JONATHAN M. COHEN, ESQUIRE**
**JOSHUA VAN NAARDEN, ESQUIRE**
*Attorney for Plaintiffs*
1525 Locust Street
The Nineteenth Floor
Philadelphia, Pennsylvania 19102
(215) 772-1000

*Date: 3/ 30 /05*

S/ROBERT S. MILLER
Robert S. Miller, Esquire
***WAPNER NEWMAN WIGRIZER & BRECHER***
Attorney for Uchalee Vong, and Donkeo Phravichit

S/WARREN I. SIEGEL
Warren I. Siegel, Esquire
***BERNHARDT & ROTHERMEL, PC***
Attorney for Kusti Leman, Tjajah Chandra and Lani Chandra

S/RICHARD COSTIGAN
Richard Costigan, Esquire
***COSTIGAN & COSTIGAN***
Attorney for Zair Shah, Khan Gul, Salim Khan, Mohammad Kan

STEVEN DRANOFF
Steven Dranoff, Esquire
***DRANOFF-PERSTEIN ASSOCIATES***
Attorney for Soly Chan and Thorn Bum Khem