

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YAN THOU, Individually and as Administrator of the Estates of Oeurn Mam, Deceased and Navy Yan, Deceased, et. al, Plaintiffs | : : : CIVIL ACTION : : NO.: 05-832 |
| v. | : |
| PACK & PROCESS, INC. | : |
| AND | : |
| ST. PAUL MERCURY INSURANCE COMPANY, Defendants | : : : |

JURY TRIAL DEMANDED

FILED
APR 1 1 2005

### SECOND MOTION OF DEFENDANTS ST. PAUL MERCURY INSURANCE COMPANY AND PACK AND PROCESS, INC. TO DISMISS THIS ACTION OR IN THE ALTERNATIVE, TO TRANSFER THIS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Defendants, St. Paul Mercury Insurance Company ("St. Paul") and Pack and Process, Inc. ("Pack and Process"), by and through their undersigned counsel, hereby file this Second Motion to Dismiss or, in the Alternative, to Transfer this Action to the United States District Court for the District of Delaware, and in support thereof aver the following:[1]

1.  On January 14, 2005, St. Paul filed an action for declaratory judgment in the United States District Court for the District of Delaware against Maly Yan to determine its coverage obligations, if any, in connection with claims arising out if an automobile accident which occurred in Delaware on June 18, 2001. See Complaint, Exhibit "C" to plaintiffs' response to defendants' First Motion to Dismiss.

---

[1] Defendants' first motion to dismiss this action ("First Motion to Dismiss") and supporting brief are incorporated herein by reference.

2. On March 16, 2005, an Amended Complaint was filed in the Delaware action wherein Pack and Process was named as an additional plaintiff and some of the allegations were clarified or expanded. See Amended Complaint, Exhibit "C" to plaintiffs's response to defendants' First Motion to Dismiss.[2] Thus, parties to the Delaware action now include St. Paul, Pack and Process and Maly Yan.

3. On or about February 23, 2005 -- more than a month after the Delaware action was filed -- plaintiffs commenced this action against Pack and Process and St. Paul. See original complaint in this action, Exhibit "A" to Defendants' First Motion to Dismiss.

4. On March 17, 2005, defendants herein moved to dismiss this action or, in the alternative, to transfer the action to the District of Delaware for possible consolidation with defendants' previously-filed action in that forum.

5. After defendants' first motion to dismiss or transfer was filed, plaintiffs, on March 30, 2005, filed an amended complaint in this action. See Exhibit "B" to plaintiffs' response to defendants' First Motion to Dismiss.

6. Defendants file the instant motion in response to the amended complaint. On the basis, inter alia, of the first-filed rule, defendants again request that this action be dismissed or, in the alternative, transferred to the United States District Court for the District of Delaware.

7. In support of this motion, defendants rely upon their previously filed motion to dismiss and brief with exhibits in support thereof, both of which are incorporated herein by reference, as if fully set forth at length.

---

[2] Pursuant to local requirements in the District of Delaware, the Amended Complaint, as filed, contains strikeouts and other indications of changes made since the original complaint.

8. Defendants further rely upon the brief which accompanies this motion, as defendants are compelled to respond to certain arguments advanced by plaintiffs in their response to defendants first motion to dismiss and plaintiff's brief in support thereof.

9. Defendants request oral argument with respect to the instant motion.

Respectfully submitted:

**DEASEY, MAHONEY & BENDER, LTD.**

       /s/    JB1212
Francis J. Deasey, Esquire - FD1214
James B. Burns, Esquire - JB1212
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, Pennsylvania 19103-2978
(215) 587-9400 (telephone)
(215) 587-9456 (facsimile)
***Counsel for Defendants, St. Paul Mercury Insurance Company and Pack & Process, Inc.***

Dated:   April 11, 2005

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YAN THOU, Individually and as Administrator of the Estates of Oeurn Mam, Deceased and Navy Yan, Deceased et. al., Plaintiffs | CIVIL ACTION<br><br>NO.: 05-832 |
| v. | JURY TRIAL DEMANDED |
| PACK & PROCESS, INC.<br><br>AND<br><br>ST. PAUL MERCURY INSURANCE COMPANY<br><br>Defendants | FILED<br>APR 1 1 2005<br>MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk |

**BRIEF IN SUPPORT OF THE SECOND MOTION OF DEFENDANTS, ST. PAUL MERCURY INSURANCE COMPANY AND PACK AND PROCESS, INC., TO DISMISS THIS ACTION OR, IN THE ALTERNATIVE, TO TRANSFER THE ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

Defendants, St. Paul Mercury Insurance Company ('St. Paul") and Pack and Process, Inc. ("Pack and Process"), by and through their undersigned counsel, hereby submit this brief in support of their Second Motion to Dismiss this Action or, in the alternative, to Transfer the Action to the United States District Court for the District of Delaware, and in support thereof aver as follows:

**I.   NATURE AND STAGE OF THE PROCEEDINGS**

Defendants' initial motion to dismiss or, in the alternative, transfer this action to the District of Delaware, along with supporting brief (hereinafter, "First Motion to Dismiss") recites the nature and stage of the proceedings until the date that motion was filed and needs no

repeating here, as defendants incorporate the First Motion to Dismiss herein by reference. The only subsequent activity of note, as reflected in the instant motion, is the recent filing by plaintiffs of an amended complaint herein, and certain arguments advanced by plaintiffs in opposition to the First Motion to Dismiss.

## II.   FACTS

The facts have not changed in any substantive way since the original complaint was filed herein, and the facts recited in defendants' First Motion to Dismiss are incorporated herein by reference.

Although plaintiffs recently filed an amended complaint herein (see Exhibit "B" to plaintiffs 's response to defendants' First Motion to Dismiss), the principal change is merely the addition of three new paragraphs relating to the St. Paul Umbrella Excess Liability Policy alleging that Maly Yan, while driving the van at the time of the accident, was engaged in the "performing a duty related to the conduct of Pack and Process's business". Id. at ¶¶ 40, 46 and 48.

As discussed more fully infra, the basic nature and substance of this action has not changed and, since it is substantively identical to the prior-filed Delaware action, the first-filed rule compels that this action be dismissed. Alternatively, this action should be transferred to the District of Delaware.

## III.   ARGUMENT

A.   This Action was not filed in bad faith and the first-filed rule still applies

Plaintiffs argue in their opposition brief in response to the First Motion to Dismiss that the Court should disregard the first-filed rule because St. Paul allegedly acted in bad faith by

filing the Delaware action in anticipation of Yan's intended filing of her own declaratory judgment action in this Court. This argument is patently baseless.

In support of this specious argument, plaintiffs rely upon the affidavit of their counsel, Jonathan M. Cohen, Esquire (Exhibit "E" to plaintiffs's response to defendants' First Motion to Dismiss). The affidavit avers that "[a]t some point in the days after the verdict in the underlying tort case" Mr. Cohen had a telephone conversation with counsel for Pack & Process, Mr. Young, in which Mr. Cohen allegedly advised Mr. Young that Maly Yan and the other tort plaintiffs intended to file a declaratory judgment action in this Court. See Exhibit "E" at ¶ 2. Although the affidavit does not state the date of the conversation, or the date of the verdict, plaintiffs' opposition brief recites that the verdict was entered on January 20, 2005. (See opposition brief, Section II, "Factual Background", at p. 6). Thus, accepting Mr. Cohen's statement as true, his conversation with Mr. Young took place sometime *after January 20, 2005*.

The absurdity of plaintiffs' affidavit-based argument is revealed by the fact that *the Delaware Action had already been filed on January 14, 2005*, a fact which plaintiffs also concede. (See Plaintiffs' motion in opposition to First Motion to Dismiss, at ¶ 3, page 2). Thus, the allegation that St. Paul was possessed of information about plaintiffs' intent to file here, yet "raced to the courthouse" in an attempt to be the first to file is, quite simply, bunk.

Accordingly, plaintiffs' case law authority for their "anticipatory filing" argument does not control. First, the cited case of Consolidated Rail Corp. v. Grand Trunk W.R.R. Co., 592 F. Supp. 562, 568 (E.D. Pa. 1984) does not apply. In Grand Trunk, unlike the present action, an action was filed by Conrail in anticipation of litigation being filed by another party, with whom Conrail was engaged in a contract dispute. After Conrail was provided a copy of a draft complaint which the other party planned to file, and despite the fact that Conrail agreed to

-3-

engage in good faith settlement discussions so that the complaint did not need to be filed, Conrail nonetheless "headed for the courthouse" to first-file its own complaint. Id. at 568. Clearly, there is no such allegation against defendants here.

Similarly, the only other case cited by plaintiffs, E.E.O.C. v. University of Pennsylvania, 850 F.2d 969 (3rd Cir. 1988), cert. granted, in part, 488 U.S. 992, 102 L. Ed. 2d 581, 104 L. Ed. 2d 173, 109 S. Ct. 554, 109 S. Ct. 1660, 1988 U.S. LEXIS 5536 (1988), amended by, 490 U.S. 1015, 104 L. Ed. 2d 173, 109 S. Ct. 1660, 1989 U.S. LEXIS 6034 (1989), aff'd, 493 U.S. 182, 107 L. Ed. 2d 571, 110 S. Ct. 577, 1990 U.S. LEXIS 333 (1990), is inapposite. In E.E.O.C., the Court disregarded the first-filed rule because a party raced to the courthouse in an attempt to avoid an imminent filing in another, less-favorable forum. Again, since this did not happen here, the E.E.O.C. case has no bearing on the instant matter.

As the United States District Court for the District of Delaware has recognized, a plaintiff is entitled to file suit in any forum of his choosing, provided that the particular forum is proper. Moore Corporation Limited v. Wallace Computer Services, Inc., 898 F. Supp. 1089, 1100 (D. Del. 1995), injunction denied, 907 F. Supp. 1545 (D. Del. 1995). Delaware – being the location of the insured, Pack and Process, the place where Maly Yan's accident occurred, the state in which she was allegedly acting in the "course and scope" of her employment, and the state in which the insurance policy was issued – is clearly a proper forum to decide the instant dispute. Thus, plaintiffs' suggestion that St. Paul and Pack and Process improperly engaged in forum shopping is without merit, since Delaware is a proper forum. 898 F. Supp. at 1100.

Accordingly, plaintiffs' "bad faith" argument is wholly unsupported.

B.      The "competing" actions are not substantially different

-4-

Plaintiffs' remaining arguments in opposition to the First Motion to Dismiss are little more than a re-hash of arguments Maly Yan has advanced in her motion to dismiss the Delaware Action. Essentially, those arguments boil down to allegations by plaintiffs that the instant action has "more of everything" -- more parties, more counts and more issues.

*"More Parties"*

The "more parties" argument can be readily dismissed. By claiming, without any supporting precedent, that the presence of the underlying tort plaintiffs somehow makes this action more comprehensive, plaintiffs put the cart before the horse. Plaintiffs skip over the critical question whether such parties are necessary and indispensable to this action. Their mere presence here, without any demonstrated basis for making them parties, renders the "more parties" argument groundless.

As more fully explained by defendants in their First Motion to Dismiss by incorporation of their brief filed in the Delaware action (see Exhibit "L" to defendants' First Motion to Dismiss), the underlying tort plaintiffs are neither necessary nor indispensable parties. Only St. Paul, Pack and Process and Maly Yan -- the current parties in Delaware -- are necessary and indispensable to the insurance coverage questions now before the Delaware Court.

Plaintiffs argue that "all passengers and their estates ... have a vital interest in the outcome of this Declaratory Judgment Action, and have a right to protect their divergent interests in the determination of the issues presented in this Declaratory Judgment Action." (see Yan's opposition brief, at p. 7). Yet, she offers no case law authority for this sweeping proposition and presents no explanation as to why the passengers and estates – all of whom reside less than an hour's car ride away from the Court in Delaware and are represented in both

-5-

actions by the Kline & Specter firm[3] – have not sought to intervene in that action pursuant to Rule 19, if they indeed feel they have such "vital interests" and other rights.

Nor do plaintiffs allege that the tort plaintiffs, other than those in the Thou case to whom Maly Yan allegedly gave assignments, have any direct claims under the St. Paul Policy. Nor do plaintiffs allege that the tort plaintiffs possess any information which relates to the central issues in this action – whether Maly Yan was acting in the course & scope of her employment at the time of the accident and whether the St. Paul insurance policy(ies) must respond to this loss.

Simply put, having the passengers and estates as parties here does not add anything to the insurance coverage analysis the Delaware Court must perform.

*"More Counts" and "More Issues"*

Plaintiffs further seek to distinguish the Pennsylvania and Delaware actions by trying to portray the Pennsylvania action as somehow being more comprehensive than the prior-filed Delaware action. They point to the "facts" that their amended complaint here has "two counts" (compared to one count in Delaware) and seeks "five different declarations" (as contrasted with the two declarations allegedly sought in Delaware). (See opposition brief, at p. 3). However, the two actions, on closer inspection, are essentially identical. Both actions seek to determine the legal relationship between Maly Yan and Pack & Process (specifically, whether she was acting in the course and scope of her employment with Pack & Process at the time of the accident), and whether the St. Paul insurance policy must respond to the loss. Plaintiffs' requested declarations here are nothing more than redundant requests for rulings on the liability of both St. Paul and Pack & Process, but since neither entity can have any liability to the underlying tort plaintiffs

---

[3] In this action, two Kline & Specter, P.C. lawyers (Messrs. Cohen and Van Naarden) appear as counsel for plaintiffs, and those same lawyers have been admitted pro hac vice in the Delaware Action. See Exhibit "1" hereto, entries for March 29, 2005 (Docket Item 17). Thus, the interests of all of the plaintiffs in this action are already effectively represented in Delaware.

without a predicate finding that Maly Yan was acting in the course and scope of her employment with Pack and Process, these duplicative requests are mere surplussage. Simply breaking down requested declarations into smaller component parts does not render this action more comprehensive than the one in Delaware.

It bears noting that plaintiffs here -- in the face of their own "more counts" and "more issues" arguments -- concede that the dispositive issue in this action is whether Maly Yan was acting in the course and scope of her employment with Pack and Process at the time of the accident. On page 7 of their opposition brief, they state that "[a] declaration as to whether or not Maly Yan was acting within the course and scope of her employment when the accident occurred will likely determine whether all of the injured parties can recover from Pack and Process (and its insurance carrier) for the vicarious liability for Maly Yan's conduct.". Thus, despite plaintiffs' claim that this action is broader in scope than the prior-filed Delaware action, plaintiffs' own recognition that the entire case revolves around the "course and scope" renders their arguments hollow.

Defendants anticipate that plaintiffs may seek to argue that the inclusion of new allegations in their amended complaint here (Exhibit "B" to plaintiffs 's response to defendants' First Motion to Dismiss) somehow renders this action more comprehensive. The amended complaint adds three paragraphs relating to the St. Paul Umbrella Excess Liability Policy alleging that Maly Yan, while driving the van, was engaged in the "performing a duty related to the conduct of Pack and Process's business". Id. at ¶¶ 40, 46 and 48. Even if the question whether Yan was "performing a duty related to the conduct of Pack and Process's business" is a additional issue to be decided, the scope of the Delaware action - which seeks sweeping judicial declarations under all aspects of the general liability, auto and umbrella excess coverages – is

-7-

clearly broad enough that <u>all</u> policy-related factual and legal issues, including the "performing a duty" question (and any other questions), can and will be resolved in Delaware.

Finally, notwithstanding Yan's claim that the first-filed rule should only be invoked where the issues in the competing jurisdictions are the <u>same</u>, (<u>see</u> Yan's opposition brief, at pp. 13-14), this Court has observed that the "first-filed rule has served to counsel trial judges to exercise their discretion by enjoining the subsequent prosecution of <u>similar</u> cases ... in different federal district courts." <u>Chase Manhattan Bank, USA, N.A. v. Freedom Card, Inc.</u>, 265 F. Supp. 2d 445, 448 (D. Del., 2003) (emphasis added). The cases simply do not require, as Yan suggests, perfect identity between the issues in the two courts.

## CONCLUSION

For the foregoing reasons, St. Paul and Pack & Process respectfully request that this court enjoin the second-filed Pennsylvania declaratory judgment action so that the Delaware action may proceed to a conclusion.

Respectfully submitted:

**DEASEY, MAHONEY & BENDER, LTD.**

/s/   JB1212

Francis J. Deasey, Esquire - FD1214
James B. Burns, Esquire - JB1212
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, Pennsylvania 19103-2978
(215) 587-9400 (telephone)
(215) 587-9456 (facsimile)
***Counsel for Defendants, St. Paul Mercury Insurance Company and Pack & Process, Inc.***

Dated:   April 11, 2005

-8-

## CERTIFICATE OF SERVICE

I, James B. Burns, Esquire, hereby certify that a true and correct copy of the *Second Motion of Defendants St. Paul Mercury Insurance Company and Pack and Process, Inc. to Dismiss this Action or, in the Alternative, to Transfer this Action to the United States District Court for the District of Delaware* was served via U.S. first-class mail, postage prepaid upon all counsel listed below:

        Shanin Specter, Esquire
        Kline & Specter, P.C.
        1525 Locust Street, 19th Floor
        Philadelphia, PA   19102
        *Attorneys for Plaintiffs*

**DEASEY, MAHONEY & BENDER, LTD.**

FILED
APR 1 1 2005
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

/s/   JB1212
Francis J. Deasey, Esquire - FD1214
James B. Burns, Esquire - JB1212
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, Pennsylvania 19103-2978
(215) 587-9400 (telephone)
(215) 587-9456 (facsimile)
*Counsel for Defendants, St. Paul Mercury Insurance Company and Pack & Process, Inc.*

Dated:   April 11, 2005