IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YAN THOU, Individually and as Administrator of the Estates of Oeurn Mam, Deceased and Navy Yan, Deceased et al., | : : : : | CIVIL ACTION<br><br>NO.: 05-832 |
| Plaintiffs | : : | |
| VS. | : : | JURY TRIAL DEMANDED |
| PACK & PROCESS, INC. | : : | |
| AND<br>ST. PAUL MERCURY INSURANCE COMPANY | : : : | |
| Defendants | : | |

### AMENDED AFFIDAVIT OF JONATHAN M. COHEN, ESQUIRE

Jonathan M. Cohen, Esquire, hereby state as follows:

1.  I am Jonathan M. Cohen, counsel for Plaintiffs, Yan Thou, Individually and as Administrator of the estates of Ouern Mam, deceased and Navy Yan, deceased, Chan Yan, Thuha Son, Chieu Thi Huynh in the above captioned matter.

2.  At some point after notifying all counsel of our intent to have a trial and proceed to verdict in the underlying tort case, and before St. Paul filed their action for Declaratory Judgment in Delaware, I received a call from counsel for Pack and Process, Mr. Young. Mr. Young, by way of summary, asked me why we decided to proceed to verdict against Maly Yan and whether he was missing something. I replied, by way of summary, that plaintiffs intended to file an action here in Pennsylvania, asserting that Maly Yan was working for Pack and Process at the time of the accident and seeking a declaration that Pack and Process and its insurance carrier (St. Paul) are responsible for payment of the verdict and indemnification. Mr. Young mentioned to contact him about accepting service. I further noted to Mr. Young that I had heard that the coverage limits were only $5 million, and believed that Pack and Process was exposed, and the carrier should offer its limits. Mr. Young mentioned he would look into the issue.

3.  Mr. VanNaarden of my office prepared the Complaint and consulted with the various counsel who represent the other plaintiffs in the underlying tort case who are also named parties in this action. Mr. Van Naarden was also present in my office during the telephone conversation summarized in paragraph number 2 above.

4. Shortly before the Complaint was filed in the instant action, St. Paul an filed an action for declaratory judgment, but did not name its insured or all injures plaintiffs as parties.

5. I never heard back from Mr. Young about a settlement offer.

6. Pursuant to 28 U.S.C. Sec. 1746(2), I declare under penalty of perjury that the foregoing is correct.

                              KLINE & SPECTER,
                              A Professional Corporation


                              S/ Jonathan M. Cohen, Esquire  JC 593
                              JONATHAN M. COHEN, ESQUIRE
                              KLINE & SPECTER
                              A Professional Corporation
                              1525 Locust Street, The Nineteenth Floor
                              Philadelphia, Pennsylvania 19102
                              (215) 772-1000


Executed on 4/21/05