by definition, not "indispensable" to the action under Rule 19(b). <u>Mallalieu-Golder Ins. Agency, Inc. v. Exec. Risk Indem., Inc.</u>, 254 F. Supp. 2d 521, 525 (M.D. Pa. 2003).

When making a Rule 19 determination, the Court may consider evidence outside of the pleadings. <u>Raytheon Co. v. Continental Cas. Co.</u>, 123 F. Supp. 2d 22, 32 (D. Mass. 2000).

<u>The Argument that Pack & Process is Not a Necessary or Indispensable Party is Moot</u>

Maly Yan argues that Pack & Process is a necessary and indispensable party without whom this action cannot continue. Since an amended complaint has been filed in this action in which Pack & Process is now a party plaintiff, <u>see</u> Exhibit "C" hereto, this argument is now moot. <u>See</u> <u>Aetna Cas. & Sur. Co. v. Hiller</u>, No. 95-144, 1995 U.S. Dist. LEXIS 7259, at *1 n.1 (E.D.Pa. May 26, 1995) (holding that an amended pleading naming an earlier-omitted plaintiff will moot an earlier-filed 12(b)(7) motion to dismiss based on failure to join an indispensable party).

<u>Lam Personnel Services, Inc. Is Neither a Necessary Nor Indispensable Party</u>

Maly Yan asserts that Lam Personnel Services, Inc. (a/k/a Lam Staffing) ("Lam") is a necessary and indispensable party. To support this claim – which is not supported by any case law – she asserts that Lam, as her employer, has an interest in the action because Pack & Process, allegedly, "has always sought to avoid liability by claiming that Maly Yan was working solely as an agent of Lam Personnel Services, Inc.", thus rendering Lam (and not Pack & Process) vicariously liable. <u>See</u> Motion to Dismiss, at p. 7.

-8-

Maly Yan's position that Lam was her employer is flatly inconsistent with her own allegations in the Eastern District Action, in which she alleges that "[a]t all times relevant hereto, plaintiff Maly Yan was an employee, servant, or agent *of Pack and Process*, acting within the scope of her employment ... *with Pack & Process*." See Exhibit "J" at ¶ 24 (emphasis added). Maly Yan further alleges in that Action that she "has admitted under oath that she was a *Pack & Process* agent/employee working within the course and scope of her employment at the time of the accident." Id. at ¶ 26 (emphasis added). These blatantly contradictory factual allegations undermine Maly Yan's current argument that Lam must be joined because of its purported status as her employer.

Even if Pack & Process, as alleged, has "always sought to avoid liability by claiming that Maly Yan was working solely as an agent of Lam", this is utterly irrelevant to the issues to be decided in this action. The only question here is whether there is any entitlement to insurance coverage under the Policy, which necessarily entails inquiry into whether Maly Yan was acting in the course and scope of her employment *by Pack & Process*, not by Lam. The Policy was issued to Pack & Process, not to Lam. Thus, even if Maly Yan was working as a Lam employee at the time of the accident, it would not help resolve the question of coverage under Pack & Process's insurance Policy.

Even more persuasive is the fact that Maly Yan – who argues here that Lam is an indispensable party before this Court – has failed to join Lam in the Eastern District Action which she filed. See Complaint in the Eastern District Action, Exhibit "J" hereto. One would think that a party claimed to be indispensable in Delaware would be just as indispensable in Pennsylvania.

-9-

MAR.31.2005 Case 1:05-cv-00832-JG   Document 10-13   Filed 04/22/2005   Page 3 of 8  P.4

For the foregoing reasons, Lam is neither necessary nor indispensable to this action.

### The Underlying Plaintiffs are Neither Necessary Nor Indispensable Parties

Parties who make claims against an insured simply have no interest sufficient to require them to be made parties to an action such as this one. An injured person is not a required party in an action to determine the coverage of an insurance policy. County of Wyoming v. Erie Lackawanna Ry. Co., 360 F. Supp. 1212, 1215 (W.D.N.Y. 1973), aff'd sub nom., County of Wyoming v. Insurance Co. of N. Am., 512 F.2d 23 (2d Cir. 1975).

This principle was more recently illustrated by the Honorable Sue L. Robinson of this Court in United States Aircraft Ins. Group v. Dwiggins, L.L.C., No. 03-173, 2004 U.S. Dist. LEXIS 266 (D. Del. Jan. 3, 2004). In Dwiggins, coverage for claims arising out of a plane crash was at issue. The insured, Dwiggins, moved to dismiss the insurer's declaratory judgment action on the ground that the insurer had failed to join indispensable parties – the Florida tort plaintiffs. In rejecting this argument, this Court stated its rationale as follows:

> The court concludes that the Florida Claimants are not necessary parties to the litigation within the meaning of Rule 19(a). First, **the absence of the Florida Claimants does not affect the ability of the court to accord relief between the USAIG, Dwiggins, and BCI.** See *Fed. R. Civ. P. 19(a)(1)*. Second, while the Florida Claimants hold a cognizable interest in the outcome of the litigation, they are not without means to protect that interest. See *Fed. R. Civ. P. 19(a)(2)*. First, Dwiggins offers no reason why any of the Florida Claimants could not intervene in the present case. Even if the court does not have personal jurisdiction to compel joinder, that is irrelevant to whether the Florida Claimants could intervene. Second, regardless of whether the Florida Claimants are formally joined as parties, all the facts presently before the court suggest that **the Florida Claimants are capable of and are actively protecting their interests in this forum as evidenced by the fact that Dwiggins is represented by the same attorney that represents the Florida Claimants in the Florida litigation.** Third, the close relationship between the Florida Claimants and Dwiggins is

-10-

> indisputable. Dwiggins was an entity created for the purpose of owning, financing and operating an aircraft to the benefit of American Virginia, the employer of each of the Florida Claimants. At least one of the Florida Claimants reportedly has an ownership interest in Dwiggins. Consequently, **while they may not be joined as parties in the case before this court, there are no facts to suggest that their interests are anything but protected.**

Id. at *10-13 (emphasis added).

In the instant case, like Dwiggins, complete relief can be afforded between the party who claims a right to insurance coverage – Maly Yan – and the party claiming that no coverage is available – St. Paul. Also, just like in Dwiggins, this case involves a party (Maly Yan) who is (literally) closely related to the non-parties who claim they must be joined. In fact, those parties include her father, mother, brother and aunt, among others. Moreover, as in Dwiggins, the non-party tort claimants (who are claimed to be indispensable here) are all represented by the same counsel – the law firm of Kline & Specter, *i.e.*, in three of the Underlying Tort Actions in Pennsylvania, and in the Eastern District Action, while at the same time those attorneys are involved in Maly Yan's representation in this action. See e.g., Complaint filed in the Eastern District Action, Exhibit "J" hereto, Complaint in the Intra-Family Action, Exhibit "F" hereto, and Stipulated Briefing Schedule filed in this action, Exhibit "B" hereto (showing Kline & Specter as also representing Maly Yan). Thus, under Dwiggins, the plaintiffs in the Underlying Tort Actions and Intra-Family Action are neither necessary parties nor indispensable parties under Rule 19.

The view that underlying tort claimants are not indispensable parties to an insurance dispute was further illustrated in Johnson Controls, Inc. v. American Motorists Ins. Co., 719 F. Supp. 1459 (E.D. Wis. 1989), a declaratory judgment action arising out of an action filed in

-11-

California state court pertaining to injuries suffered by a plaintiff (Jones) when a battery exploded. A California jury returned a verdict in favor of Jones for $ 3.275 million in compensatory damages and for $ 6.5 million in punitive damages against Johnson Controls ("Johnson"), which had manufactured the battery. Thereafter, Johnson filed an action seeking a declaration of coverage with respect to the punitive damage portion of the verdict rendered against it in the Jones case. The District Court ruled the underlying plaintiff (Jones) was not an indispensable party under Rule 19. It reasoned that the plaintiff was not a party to the insurance contracts, and a determination could be made as to the obligations of the insurers without the plaintiff. Id. at 1465.

Moreover, the Federal Declaratory Judgment Act -- under which St. Paul seeks relief herein -- contains no express requirement that all interested parties must be joined and there is no language from which such requirement could be implied. Western Cas. & Sur. Co. v Beverforden, 93 F.2d 166 (8th Cir. 1937) (if Congress intended that declaratory judgments should only be entered in a case after all interested parties had been joined, it would have inserted provision to that effect).

In light of Maly Yan's later-filed Eastern District Action, St. Paul anticipates that she may seek to argue here that this Court should dismiss or stay this action in favor of her later-filed one in Pennsylvania. Such a result finds no support in the case law. To the contrary, the cases favor St. Paul's position here. For example, Century Indem. Co. v. The Pyrites Co., Inc., No. 03-204, 2003 U.S. Dist. LEXIS 17597 (D. Del. Oct. 2, 2003) is instructive. This Court was faced with "competing" declaratory judgment actions and a motion to dismiss the Delaware action in favor

-12-

of a prior-filed Pennsylvania state court action.[3] The Court found that the earlier-filed declaratory judgment action in Pennsylvania had before it all of the truly interested parties (the insured and its two insurers) and because the parties which allegedly needed to be joined did not, in fact, require joinder.[4] Significantly, although the facts of Pyrites were the reverse of those here – in Pyrites the action in Delaware was later-filed, whereas here St. Paul filed first in Delaware – the decision stands for the proposition that where a court entertaining an earlier-filed action has all the necessary parties before it, there is no basis to dismiss the action in favor of a later-filed action. Since St. Paul's action in this court was first-filed, and since the Court already has before it all the parties needed for a complete adjudication, there is no basis to dismiss.

St. Paul further anticipates that Maly Yan may assert that the Eastern District Action is more comprehensive that this one, since it involves more parties. However, as explained supra, the underlying claimants and Lam do not need to participate in the insurance coverage issue presented. Moreover, the Eastern District Action would not, as pled, resolve any more issues than will be resolved here, because the same issues exist in both cases and the addition of parties

---

[3] The fact that Pyrites involved competing federal and state courts, as opposed to competing federal courts, is not significant for our purposes.

[4] Under a Pennsylvania Supreme Court case, Vale Chemical Co. v. Hartford Acci. & Indem. Co., 516 A.2d 684 (Pa. 1986), joinder in Pennsylvania state court would have required any underlying claimants against the insured to be joined; since the parties alleged in Pyrites to be necessary to that action did not, in fact, need to be joined because they were not claimants against the insured, this Court found that the Pennsylvania action already contained all parties needed for a proper resolutions of the issues. Id. at *7-9. In the instant case, Vale is inapplicable, because Vale is only relevant to actions brought pursuant to the Pennsylvania Declaratory Judgments Act. Here, St. Paul has sued under the Federal Declaratory Judgements Act, 28 U.S.C § 2201, which does not require joinder of underlying claimants against the insured.

-13-

having nothing to do with the insurance contract or Maly Yan's relationship to Pack & Process, will be mere surplussage.

## CONCLUSION

For the foregoing reasons, St. Paul and Pack & Process respectfully request that defendant Maly Yan's motion to dismiss be denied, and that Maly Yan be ordered to file an answer to the complaint in this action.

Dated: March 17, 2005
Wilmington, Delaware

BIFFERATO, GENTILOTTI & BIDEN

*/s/ Joseph K. Koury*
Ian Connor Bifferato (#3273)
Joseph K. Koury (#4272)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, Delaware 19899
(302) 429-1900

-and-

Francis J. Deasey, Esq.
James W. Burns, Esq.
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, Pennsylvania 19103-2978
(215) 587-9400

-14-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY | : : | |
| Plaintiff, | : : | Civil Action No.   05-0022 (KAJ) |
| MALY YAN | : : | |
| Defendant | : | |

## NOTICE OF SERVICE

I, Chase T. Brockstedt, Esq., do hereby certify that on this 31ST day of March, 2005, two copies of the foregoing **DEFENDANT YAN'S RESPONSE TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT YAN'S MOTION TO DISMISS** were delivered via First Class Mail to the following individual(s):

Frank Deasey, Esquire
Deasey, Mahoney, Bender, Ltd.
1800 JFK. Blvd., Suite 1300
Philadelphia, PA 19103

Joseph K. Koury, Esquire
Bifferato, Gentilotti & Biden
1308 Delaware Avenue
P.O. Box 2165
Wilmington, DE 19899

**MURPHY, SPADARO & LANDON**

BY: /s/ Chase T. Brockstedt
Chase T. Brockstedt, Esquire
(I.D. No. 3815)
Attorney for Defendant
1011 Centre Road, Suite 210
Wilmington DE 19805
(302) 472-8109

DATED: March 31, 2005