IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| YAN THOU, *Individually and as Administrator of the Estates of Oeurn Mam, Deceased* and *Navy Yan, Deceased*, Chan Yan, Thua Son, Chieu Thi Huynh, Bay Thi Nguyen, Unchalee Vong, Donkeo Phravichit, Kusti Leman, Tjajah Chandra, *as Mother and Legal Guardian of Lani Chandra and Lani Chandra in Her Own Right*, Zair Shah, Khan Gul, Salim Khan, Mohammed Sardar Khan, *as Co-Administrators of the Estate of Mohammed Azim*, Soly Chan, *as Administrator of the Estate of Lang Khem, Deceased; also known as* Lang Chay, Thorn Bun Khem, *as Administrator of the Estate of Lam Khem, Deceased*, and Maly Yan,<br><br>Plaintiffs,<br><br>v.<br><br>PACK & PROCESS, INC., and ST. PAUL MERCURY INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 05-513 (SLR) |

**DEFENDANTS' ANSWER TO AMENDED INDEMNIFICATION AND DECLARATORY JUDGMENT COMPLAINT, WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM FOR DECLARATORY JUDGMENT**

Defendants, St. Paul Mercury Insurance Company ("St. Paul") and Pack and Process, Inc. ("Pack & Process") (collectively, "defendants"), for their answer with affirmative defenses and counterclaim for declaratory judgment, aver as follows.

**THE PARTIES**

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

6. Defendants admit only that tort plaintiff, Chan Yan, is an adult individual and citizen of the Commonwealth of Pennsylvania. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, they are denied.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

21. Defendants admit only that Maly Yan, is an adult individual and a citizen of the Commonwealth of Pennsylvania. Defendants are without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, they are denied.

22. Denied in part, admitted in part. Defendants admit only that Pack & Process is a corporation duly organized and existing under the laws of Delaware. Defendants deny that Pack & Process's principal place of business is currently located at 3 Boulden Circle, New Castle, DE 19720. Defendants admit that the mailing address of Pack & Process is P.O. Box 883, New Castle, DE 19720. Defendants admit only that at the time of the June 2001 accident, Pack & Process was in the business of packaging food, pharmaceuticals and other consumer items. The allegation that Pack & Process "maintained substantial, continuous and systematic business contacts with the Commonwealth of Pennsylvania and regularly conducted a substantial part of its regular business in Pennsylvania and the Eastern District of Pennsylvania" is a conclusion of law to which no response is required. To the extent a response is deemed required, this allegation is denied.

23. Denied as stated. Defendants admit only that, from time to time, Pack & Process employed a staffing agency to supply laborers to work at Pack & Process' facility in New Castle, Delaware. Defendants expressly deny that Pack & Process employed the staffing agency to supply workers from Philadelphia; to the contrary, Pack & Process never specified any geographic area from which the laborers would be supplied. Defendants deny that Pack & Process employed a driver to transport "contract workers" and passengers to the factory and back to Philadelphia in a fifteen passenger van.

24. Denied. This paragraph contains one or more conclusions of law to which no response is required. To the extent a response is deemed required, these allegations are denied. Defendants specifically deny the allegation that Maly Yan was "acting as an employee, servant,

or agent of Pack & Process, acting within the scope of her employment and/or master servant and/or agency relationship with Pack & Process while providing transportation to all tort defendants to and from the Pack & Process factory." By way of further answer, Maly Yan had no responsibility for transportation of anyone or anything. Defendants further deny that Pack & Process is liable for damages resulting from any acts or omissions of Maly Yan while she was allegedly transporting the tort defendants to the Pack & Process factory, and further deny that any liability attaches under the doctrines of <u>respondeat superior</u>, master-servant, and right of control.

25.   Denied as stated. Defendants deny the allegation that St. Paul Travelers is a defendant in this action or that it known as "a/k/a St. Paul Company." Defendants admit only that St. Paul Mercury is a corporation providing insurance organized and existing under the laws of the State of Minnesota with an address for acceptance of service of process at 385 Washington Street, St. Paul, MN 55102 and that its principal place of business is in Minnesota with an address and place of business at 385 Washington Street, St. Paul, MN 55102. The allegation that St. Paul "maintained substantial, continuous and systematic business contacts with the Commonwealth of Pennsylvania and regularly conducted a substantial part of its regular business in Pennsylvania and the City and County of Philadelphia" is a conclusion of law to which no response is required. To the extent a response is deemed required, this allegation is denied.

26.   Denied. Defendants expressly deny that Maly Yan was a Pack & Process agent/employee working within the course and scope of her employment at the time of the accident. By way of further answer, the deposition transcript is a written document which speaks for itself. Defendants admit that Pack & Process disputes that Maly Yan was an agent/employee working within the course and scope of her employment at the time of the accident. Defendants

deny that this declaratory judgment action, as structured and with all of the parties added hereto, is necessary to determine this dispute.

## JURISDICTION AND VENUE

27. Denied as stated. Defendants admit only that the United States District Court for the District of Delaware has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

28. Denied as stated. Defendants admit only that venue is proper in the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1391(a)(2). They deny that venue is or was proper in the United States District Court for the Eastern District of Pennsylvania.

## OPERATIVE FACTS

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

31. Denied. Defendants specifically deny that Maly Yan acted as the agent of Pack & Process in transporting 19 passengers in the van back and forth to the Pack & Process factory in New Castle, Delaware, and further deny that they were transported by Maly Yan, acting as the agent of Pack & Process, from their neighborhood in Philadelphia to work at the Pack & Process facility in New Castle, Delaware and back again to Philadelphia at the end of the work day. Defendants further deny the allegation that eighteen of the passengers, including Yan Thou, Chan Yan, Thuha Son, Chieu Thi Huynh and Oeurn Mam, were contract workers supplied by Lam to work at Pack & Process and were transported by Maly Yan, acting as the agent of Pack &

Process, from their neighborhood in Philadelphia to work at the Pack & Process facility in New Castle, Delaware.

32. Denied as stated. Defendants admit only that Maly Yan was operating a van at the time alleged and that the van was carrying passengers. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, they are denied.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, they are denied.

35. Admitted.

36. Denied as stated. Although defendants admit that a non-jury proceeding took place beginning on January 14, 2005 before the Honorable Sandra J. Moss, defendants deny that the proceeding was a "trial", as that term is commonly used and understood.

37. Denied as stated. Although defendants admit that the proceeding concluded on January 20, 2005 with a "verdict", defendants deny that the proceeding was a "trial", as that term is commonly used and understood.

38. Denied as stated. Defendants deny that a "trial" occurred, as that term is commonly used and understood. Defendants admit only that Judge Moss purported to "award damages" in the amounts specified in this paragraph.

39. Denied as stated. Although Maly Yan apparently executed an assignment, defendants deny that Maly Yan has or had any rights, interests in, or claims against St. Paul or

Pack & Process for indemnification, right to insurance coverage, contribution, bad faith and/or other remedies.

40. This paragraph contains one or more conclusions of law to which no response is required. To the extent a response is deemed required, these allegations are denied. Moreover, the allegations contained in this paragraph refer to an insurance contract, which is a written document which speaks for itself.

## COUNT I - DECLARATORY JUDGMENT

41. Defendants incorporate by reference the above answers as though same were set forth at length.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied as stated. Defendants deny that they have any dispute with any party other than Maly Yan. Defendants admit only that they dispute Maly Yan's claim that she was acting within the course and scope of her employment with Pack & Process while driving the tort defendants home from work on June 18, 2001.

48. Denied as stated. Defendants deny that they have any dispute with any party other than Maly Yan. Defendants admit only that they dispute Maly Yan's claim that she was performing a duty related to the conduct of Pack & Process' business while driving the tort defendants home from work on June 18, 2001.

49. Denied as stated. Defendants deny that they have any dispute with any party other than Maly Yan. Defendants admit only that a bona fide controversy exists between them and Maly Yan only as to their legal relations in respect to the insurance policies and the respective rights of the parties. All other allegations in this paragraph are denied.

WHEREFORE, defendants demand that Count I be dismissed with prejudice and that judgment be entered in favor of defendants and against plaintiffs on Count I, and a declaratory judgment be entered in favor of defendants that neither of them has any liability or duty to Yan or any of the other plaintiffs under the terms of the insurance policies or under applicable law or otherwise, and that defendants be awarded damages, costs, expenses, attorneys fees, and such other and further relief as this Court deems just.

## COUNT II - INDEMNIFICATION

50. Defendants incorporate by reference the above answers as though same were set forth at length.

51. Denied as stated. Defendants admit only that at the time of the June 2001 accident, St. Paul was an insurance carrier for Pack & Process. Defendants deny that the St. Paul insurance policies provide coverage for any damages sustained to third parties as a result of the accident. Defendants further deny that Pack & Process acted negligently at any time, and deny any conduct, actions or negligence of Pack & Process employees and/or agents while acting in the course and scope of their employment.

52. Denied as stated. Defendants admit only that the alleged St. Paul policy was valid at the time of the accident. Defendants deny that the alleged policy was "binding" and "effective" to provide any coverage to any party in connection with the June 2001 accident.

53. This paragraph contains one or more conclusions of law to which no response is required. To the extent a response is deemed required, these allegations are denied. The insurance policy is a written document which speaks for itself.

54. Denied.

55. Denied as stated. Defendants deny that they have any dispute with any party other than Maly Yan. Defendants admit only that a dispute exists between them and Maly Yan only as to whether Pack & Process and St. Paul (as the insurance carrier for Pack & Process) are liable for damages arising from Maly Yan's alleged negligence in the cited litigation. All other allegations in this paragraph are denied.

WHEREFORE, defendants demand that Count II be dismissed with prejudice and that judgment be entered in favor of defendants and against plaintiffs on Count II, and a declaratory judgment be entered in favor of defendants that neither of them has any liability or duty to Yan or any of the other plaintiffs under the terms of the insurance policies or under applicable law or otherwise, and that defendants be awarded damages, costs, expenses, attorneys fees, and such other and further relief as this Court deems just.

## AFFIRMATIVE DEFENSES

1. The amended indemnification and declaratory judgment complaint fails to state any claim upon which relief may be granted.

2. The amended indemnification and declaratory judgment complaint should be dismissed because it contains parties which are neither necessary nor indispensable to a resolution of the issues between St. Paul, Pack & Process and Maly Yan, who are the only parties with an interest in the outcome, and because said action is duplicative of a prior-filed action in this Court.

3. Even if this court should determine that the amended indemnification and declaratory judgment complaint should survive, it must be consolidated for all purposes with the prior-filed declaratory judgment action filed in this court on January 14, 2005 and captioned as <u>St. Paul Mercury Insurance Company, et. al. v. Maly Yan</u>, Case No. 05-0022 (KAJ) (D.Del.).

4. There is no coverage under the primary coverage of the St. Paul Policy, because, <u>inter alia</u>, under Form 47500 Rev. 1-96, at pp. 5-6 of 22 Maly Yan does not qualify as an insured or protected person under the terms of the Policy because, among other things, driving the van at the time of the accident was not "work done within the scope of [her] employment by [Pack and Process]" and because she was not performing "duties related to the conduct of [Pack and Process's] business."

5. Moreover, the "Auto" exclusion in the general liability portion of the Policy (Form 47500 Rev. 1-96, at p. 10 of 22) bars coverage for all claims asserted in the underlying tort actions and arising out of the accident because the Policy does not cover bodily injury, property damage, or medical expenses that result from the ownership, maintenance, use, or operation of any auto owned, operated, rented, leased, or borrowed by any protected person.

6. As respects the auto coverage contained in the Policy, the vehicle being driven by Maly Yan at the time of the accident was not a "covered auto" as the term is used in that Policy (Form 44449 Rev. 12-93 at pp. 2 and 4 of 10).

7. Moreover, under the terms of the auto portion of the Policy, Maly Yan is not a "permitted user" or a "protected person" as those terms are used in the Policy, so as to give rise to a coverage obligation under the Policy for Maly Yan's liabilities in the underlying tort actions. (Form 44449 Rev. 12-93 at p. 5 of 10).

8. As respects the umbrella excess portion of the Policy, Maly Yan does not qualify as a "protected person" and therefore has no coverage under that aspect of the policy. (Form 47550 Rev. 3-96 at pp. 2 and 6-8).

9. Neither Yan nor any of the other plaintiffs are entitled to relief against either of the defendants herein, under the St. Paul Policy or otherwise, because Maly Yan was not driving the vehicle within the course or scope of her employment by and with Pack & Process at the time of the accident.

10. Neither Yan nor any of the other plaintiffs is entitled to relief against either of the defendants herein, under the St. Paul Policy or otherwise, because Maly Yan was not performing any duties related to the conduct of Pack and Process's business at the time of the accident.

11. Neither Yan nor any of the other plaintiffs is entitled to relief against either defendant because, inter alia: Maly Yan was not acting as an employee, servant, agent, or representative of Pack & Process at the time of the accident; Maly Yan was never hired to drive any employees or other workers to the Pack & Process facility; Maly Yan was not paid to drive any employees or other workers to the Pack & Process facility; neither the driving of vehicles nor the transportation of workers was within Maly Yan's job description; Pack & Process never authorized, expressly or impliedly, Maly Yan to drive any vehicle for any purpose; and Pack & Process had no knowledge that Maly Yan was driving workers to or from Pack & Process.

12. All of the terms, provisions, definitions, conditions, exclusions, endorsements and other parts of the St. Paul Policy preclude coverage for any party in connection with the accident.

WHEREFORE, defendants, St. Paul Mercury Insurance Company and Pack & Process, Inc. respectfully request judgment in their favor and against Yan and the other plaintiffs dismissing the amended indemnification and declaratory judgment complaint with prejudice and

awarding defendants attorneys fees, costs of suit, and such other and further relief as this Court deems just.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

1. Defendants incorporate by reference their answers and affirmative defenses above, as if same were fully set forth at length.

2. Relevant portions of the St. Paul Policy are attached hereto as Exhibit "A".

3. As alleged in the foregoing affirmative defenses, neither the general liability, auto nor excess umbrella coverage of the St. Paul Policy triggers any duty to defend or indemnify in this action.

3. Defendants demand, pursuant to 28 U.S.C. § 2201, *et seq.*, that this court issue a declaration that: St. Paul has no obligation under the general liability, auto and excess umbrella coverages of the Policy to provide a defense or indemnity to any party in connection with the accident or the underlying tort actions; that Maly Yan was not acting in the course or scope of her employment with Pack & Process, Inc. at the time of the Accident; that Maly Yan was not performing any duties related to the conduct of Pack and Process's business at the time of the accident; and that Pack & Process has no liability to Maly Yan or to any other person or entity arising out of the Accident which forms the basis for the amended indemnification and declaratory judgment complaint.

WHEREFORE, defendants, St. Paul Mercury Insurance Company and Pack & Process, Inc, respectfully request relief from this Court in the form of the foregoing declaration, or a similar declaration which has the effect of insulating defendants from any and all liability arising from or relating to the accident alleged in the amended indemnification and declaratory judgment

complaint.

BIFFERATO, GENTILOTTI & BIDEN

*Joseph K. Koury* (signature)

Ian Connor Bifferato (#3273)
Joseph K. Koury (#4272)
1308 Delaware Avenue
P.O. Box 2165
Wilmington, Delaware 19899
(302) 429-1900
(302) 429-8600

-and-

Francis J. Deasey, Esq.
James W. Burns, Esq.
Deasey, Mahoney & Bender, Ltd.
1800 John F. Kennedy Blvd., Suite 1300
Philadelphia, Pennsylvania 19103-2978
(215) 587-9400

Dated: August 9, 2005

*Attorneys for Defendants*